## Baltimore and Ohio R. R. Co.

v.

## Daniel R. Brant.

Evidence.—Parol evidence of antecedent or cotemporaneous verbal agreements is inadmissible to contradict, vary or add to the terms of a valid written contract. As the parol evidence introduced by appellee changed the written contract in one of its essential features, its admission was erroneous.

Appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding. Opinion filed Nov. 17, 1885.

Mr. C. C. Clarke and Mr. J. B. Skinner, for appellant.

Mr. Daniel R. Brant, for appellee.

Wilson, J. Appellee, Brant, brought the present suit against the Baltimore and Ohio Railroad Company before a justice of the peace, to recover damages for an alleged breach of a contract to furnish free passes for himself and his wife from Chicago to Baltimore and return. He recovered a judgment before the justice of the peace, as also in the superior court on appeal, for $94.23, and the railroad company bring the case here for review.

It appears from the bill of exceptions that in 1882, when

settling a litigation between Brant and the railroad company, the latter, in part consideration for the settlement, agreed with Brant to give him each year for the next succeeding ten years, two trip passes from Chicago to Baltimore and return. The contract was in writing and provided that one of said passes was to be used by appellee and no other person, and the other pass was to be used by appellee's wife and no other person.

In the year 1883, the company, in part performance of the contract, issued to appellee two trip passes as called for by him, one to himself and one to his wife. The pass so issued to the wife was given by appellee to his daughter, Mrs. Reed, who used it to go east and return, with the knowledge and consent of appellee, in violation of said contract. When passes were called for by appellee the next year, the railroad company having meanwhile learned of the use made of Mrs. Brant's pass the previous year, refused to issue them unless appellee would make restitution for the wrong done to the company in giving his wife's pass to Mrs. Reed to be used by her the year previous as just stated. Whereupon Brant, without making or offering to make such restitution, commenced this suit.

That the use, with the knowledge and consent of appellee, which was made of the pass issued to his wife, was a breach of his contract with the railroad company, does not admit of debate. It was in violation of the express stipulation that the pass was to be used by appellee's wife and by no other person. One thus using a pass issued to another perpetrates a fraud upon the company over whose road he rides, and he who is cognizant of, and aids and abets in the perpetration of the fraud, is, in law, equally guilty with the person wrongfully using such pass.

But it was claimed by appellee, and he was allowed to testify against the objection of appellant, that at the time of making the contract for the passes, or in October previous thereto, it does not clearly appear which, it was verbally agreed between the company's attorney and himself that Mrs. Brant's pass might be used by any member of appellee's family. The effect of the parol testimony thus admitted, was to

engraft upon the written contract a provision directly contrary to the express terms of the writing. No rule is better settled than that parol evidence of antecedent or cotemporaneous verbal agreements is inadmissible to contradict, vary or add to the terms of a valid written contract. When parties have deliberately put their engagements into writing, in such terms as import a legal obligation without any uncertainty as to the object or extent of such engagements, it is conclusively presumed that the whole engagement of the parties was reduced to writing. 1 Greenl. Ev., § 275 ; 12 Wend. 573; Keegan v. Kinnaire, 12 Bradwell, 484, and cases there cited. Here the effect of the parol evidence was to change the contract in one of its essential features, and its admission was manifestly erroneous, and prejudicial to appellant.

Other questions are presented by the assignment of errors which we do not pass upon, as they were not very fully discussed by counsel, and the case is to be sent back for a new trial. It is proper, however, to say that if the plaintiff shall make a case by his proof, entitling [him ]to damages, the defendant, we think, may recoup whatever loss it has sustained, if any, by reason of appellee's breach of the contract.

The judgment is reversed and the cause remanded to the court below for a new trial.

Reversed and remanded.