## Union Special Sewing Machine Co. v. Samuel T. Lockwood.

1.  CONTRACTS—*When Omissions May be Supplied by Parol Evidence.* —It is a general rule that where one of the terms agreed upon has not been incorporated into the written agreement, and the latter appears to be incomplete or uncertain as to the object or extent of the agreement, such term may be proved by parol evidence.    To the rule, however, there are exceptions.    One is where the apparent omission is supplied by implication of law.    In such case the implication can not be disputed or overcome by attempting to show a parol, prior or contemporaneous agreement that a condition should exist at variance with the implication.

2.  SAME—*Rule that as Between the Parties to a Written Instrument it Can Not be Altered by Parol, Includes Implications of Law.*—The rule of law that as between the parties to a written instrument it can

not be altered by parol proof applies with the same force to exclude an implication of law that arises from a writing, or, in other words, its legal effect, as it does to a change of the written terms of the instrument.

3. SAME—*When it is Conclusively Presumed that the Whole Engagement of the Parties is Contained in the Written Contract.*—Where parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing.

4. SAME—*Test of the Completeness of the Writing is the Writing Itself.*—The test of the completeness of the writing proposed as a contract is the writing itself. If this bears evidence of careful preparation, of a deliberate regard for the many questions which would naturally arise out of the subject-matter of the contract, and it is reasonable to conclude from it that the parties have therein expressed their final intentions in regard to the matters within the scope of the writing, then it will be deemed a complete and unalterable exposition of such intentions.

**Assumpsit.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed November 17, 1903.

This was a suit by appellee against appellant to recover a sum of money alleged to be due upon a contract entered into under the following circumstances: Appellee, being the owner of some patented inventions relating to bag-turning machines, submitted to appellant a written proposition dated December 8, 1891, that it, appellant, should, as his agent, have authority to make or have made and to sell said machines and should report to him every sale of one; that it should sell the machines for $2,500 each, retain $1,200 to cover the cost of manufacture and $250 as commission for the sale, and pay to him the remainder, $1,050. Appellant, by its treasurer, accepted the proposition by his writing thereon the word " accepted." The contract so made was silent as to how long the agency should last.

In March, 1894, appellant sold one of the machines. Appellee did not learn of the sale until some four years later and then brought suit for his royalty of $1,050.

Appellant defended on the grounds, first, that the contract was no longer in force at the time of the sale, and second, that the machine was a repaired one upon which appellee had already been paid his royalty.    There was a verdict and judgment for appellee.

AZEL F. HATCH, attorney for appellant.

JOHN H. LEE, attorney for appellee; WILLIAM B. DAVIES, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.

At the trial appellee introduced in evidence a letter written to him by appellant's president a short time before the making of the contract, in which letter there is language to the effect that the proposed arrangement between the parties was not to be a permanent one, but temporary only.    It is contended by appellant that this letter is a part of the contract and that therefore the agency had terminated long before the sale of the machine.

It is doubtless true, as a general rule, that where one of the terms agreed upon has not been incorporated into the written agreement and the latter appears to be incomplete or uncertain as to the object or extent of the engagement, such term may be proved by parol evidence.    To the rule, however, there are exceptions.    One is where the apparent omission is supplied by implication of law.    In such case the implication can not be disputed or overcome by attempting to show a parol prior or contemporaneous agreement that a condition should exist at variance with the implication.    The rule of law that as between the parties to a written instrument it can not be altered by parol proof applies with the same force to exclude an implication of law that arises from a writing, or, in other words, its legal effect, as it does to a change of the written terms of the instrument.    Schultz v. Plankinton Bank, 40 Ill. App. 462; Snow v. Macfarlane, 51 Ill. 448; Driver v. Ford, 90 Ill. 595.    In the case last cited a building contract did not fix the time within which it was to be per-

formed. The court held, p. 598, the legal conclusion to be that the contract must be performed within a reasonable time and that parol proof was inadmissible to vary the implication.

In the case at bar, inasmuch as the contract did not specify the time during which appellant should continue to act as appellee's agent, the law supplied the missing term by conclusively presuming that the relation should last as long as both parties desired, and terminate at the will of either upon notice to that effect to the other. Mechem on Agency, Sec. 210. No such notice was given before the sale of the machine, and the agency therefore existed at the time. Appellant's letter to appellee, written before the contract was made, could not overthrow or impair the implication of law as to the length of the agency.

There is another reason why the letter was ineffective.

" Where parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing." R. R. Co. v. Brant, 17 Ill. App. 151; Memory v. Niepert, 131 Ill. 623, 630; Eighmie v. Taylor, 98 N. Y. 288. " The test of the completeness of the writing proposed as a contract is the writing itself. If this bears evidence of careful preparation, of a deliberate regard for the many questions which would naturally arise out of the subject-matter of the contract, and it is reasonable to conclude from it that the parties have therein expressed their final intentions in regard to the matters within the scope of the writing, then it will be deemed a complete and unalterable exposition of such intentions." Jones on Construction of Commercial Contracts, Sec. 134.

Applying the above tests, we are of opinion that the contract before us is a deliberate, complete and carefully prepared expression of the wishes and intentions of the parties and that they were willing to leave the duration of the agency to be fixed by the law.

The trial court deemed it proper to submit to the jury, as a question of fact, whether the contract was in force at the

time of the sale, and they found it was. We have examined all the proof bearing on the subject, and believe the finding to be sustained by the evidence, or at least not against the weight of it.

The question whether the machine was a repaired or a substantially new one was also submitted to the jury, and we do not feel authorized to disturb their finding.

Some objections were made to the reception of proof which it is not deemed necessary to discuss in detail. Suffice it to say that we have considered them and find them without force to affect the result.

The judgment is affirmed.