# F. H. Earl Manufacturing Company v. Summit Lumber Company.

## Gen. No. 4,563.

1. DEMURRER—*exception not essential to preserve ruling upon.* No exception or bill of exceptions is required to preserve for review a ruling upon a demurrer to a pleading in a common law action.

2. PLEA—*when proof of, not essential.* Where a demurrer to a plea has been sustained, no proof need be offered to sustain its allegations, nor is such proof essential to a determination of its sufficiency on appeal.

3. PLEA—*when sufficiently alleges that foreign corporation was doing business in Illinois contrary to statute.* Such a pleading if framed in the language of the statute is sufficient; it need not describe in detail what business such a corporation was doing.

4. PLEA—*what does not waive action of court in sustaining demurrer to.* The action of the court in sustaining a demurrer to a plea setting up the incapacity of the plaintiff to sue, is not waived by subsequently pleading the general issue.

5. PLEA IN ABATEMENT—*when defendant concluded by, when not.* If a demurrer to a plea in abatement is sustained the judgment is only *respondeat ouster,* while if issues of fact are joined on such a plea and found for the plaintiff, the judgment is *quod recuperet,* and the same jury should assess the damages.

6. CONSIGNEE—*when title passes to.* Delivery to a carrier of merchandise properly consigned, is delivery to the consignee, and title passes to the consignee.

7. CONSIGNEE—*what not defense by, to suit for purchase price.* Refusal of the consignee to accept merchandise properly consigned and delivered to a carrier, will not defeat an action for the purchase price.

Action of assumpsit. Error to the Circuit Court of Kendall County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed March 10, 1906.

ALDRICH & WORCESTER, for plaintiff in error.

JOHN FITZGERALD, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

The Summit Lumber Company, an Arkansas corporation, with its lumber mills in Louisiana and its sales office in St. Louis, sued the F. H. Earl Manufacturing Company, doing business at Plano, Illinois, upon a lumber bill claimed to be due from defendant to plaintiff. Defendant filed a plea in abatement alleging that plaintiff was a foreign corporation doing business in this State, and that it had not complied with any of the provisions of our statute concerning foreign corporations doing business in this State, specifying such non-compliance in detail, and that therefore, by the provisions of said statute, plaintiff was not permitted to maintain an action in the courts of this State. The court sustained a demurrer to that plea, and defendant then pleaded the general issue. There was a jury trial and a verdict for plaintiff for $623.75. Motions by defendant for a new trial

and in arrest of judgment were made and denied, and plaintiff had judgment. Defendant has sued out this writ of error to review said judgment.

It is argued that the ruling upon the demurrer is not before us, for want of an exception thereto. No exception or bill of exceptions is required to preserve for review a ruling upon a demurrer to a pleading in a common law action. Bennett v. Union Central Life Ins. Co., 203 Ill., 439; Burke v. C. & N. W. Ry. Co., 108 Ill. App., 565. It is said the proof does not show plaintiff was doing business in this State within the meaning of said statute. As no issue of fact was formed on that plea, defendant was not required to offer such proof. The sufficiency of a pleading when questioned by demurrer does not depend upon proof heard at a trial of the cause. It is argued the plea should have described in detail the business plaintiff was doing in this State, and reliance is had upon language used by this court in Havens & Geddes Co. v. Diamond, 93 Ill. App., 557. There an issue of fact had been raised and tried upon the question whether plaintiff, a non-resident corporation, was doing business in this State, within the meaning of our statute. We did not there discuss what averments such a plea should contain. The plea now before us is drawn in the language of the statute, and therefore we think it must be held sufficient in form. If the plea was true plaintiff could not maintain this action in the State court. Thompson Co. v. Whithed, 185 Ill., 454; Ill. Trust Co. v. St. L. I. M. & S. Ry. Co., 208 Ill., 419. The court erred in sustaining the demurrer to the plea. Defendant did not waive this error by afterwards pleading the general issue. Delahay v. Clement, 3 Scam., 201; Weld v. Hubbard, 11 Ill., 573; Drake v. Drake, 83 Ill., 526. If a demurrer to a plea in abatement is sustained, the judgment is only *respondeat ouster,* while if issues of fact are joined on such a plea and found for plaintiff, the judgment is *quod recuperet,* and the same jury should assess the damages. 1 Chitty's Pl., 463; Bradshaw v. Hubbard, 1 Gilm., 395; Branigan v. Rose, 3 Gilm.,

123; Mineral Point R. R. Co. v. Keep, 22 Ill., 9, 19; Italian-Swiss Colony v. Pease, 194 Ill., 98.

Defendant ordered of plaintiff five cars of a special kind of lumber known as "short stock," received and paid for one car, and refused to receive the remaining four cars when shipped to it. This suit is to recover the price of said four cars. Defendant claims it lawfully cancelled the order before said four cars were shipped, and therefore was not bound to receive or pay for them. The proof in the record is that Kline, an agent of defendant, gave plaintiff a verbal order for the five cars at plaintiff's St. Louis office on or about February 20, 1902, in which it was provided that one car should be shipped at once, and no statement was made when the other cars should be shipped. The law therefore implied a contract to ship them within a reasonable time. Plaintiff then sent an order to its mill in Louisiana to ship one car at once, and one car per month thereafter till the order was filled. The first car was shipped on February 26th, and it was received and paid for by defendant. Under date of March 1st, defendant, from its office in Plano, sent plaintiff a written, or partly written and partly printed, order for the five cars, which stated that it was in confirmation of the order given by Kline. That order contained the following, which we judge was in print: "This order is not valid unless countersigned by president or secretary. This order, unless otherwise specified, is to be shipped at once; if unable to do so notify us by return mail stating when will ship." This order or letter was not countersigned by either president or secretary, and strictly speaking therefore was by its own terms prevented from having any effect whatever. Again, the words "unless otherwise specified," might well have appeared to plaintiff unimportant, for it is obvious that Kline's order not only meant that one car should be shipped at once, but also that the rest should not be shipped at once. That point had really been "otherwise specified" by the form of the verbal order. It does not appear that plaintiff replied to this letter or written order. Under these proofs the contract was that made verbally at St. Louis. Af-

ter that verbal order had been accepted, and the contract thereby closed, and it had been partly executed by the shipment of one car, defendant could not by its own act alone change this into a contract to deliver five cars at once.    Defendant did not request further shipments or complain of delay until May 1st.    Then defendant wrote plaintiff that it had heard nothing from the order for sixty days, and presumed plaintiff was not going to ship it, and added: "So we will ask you to cancel the order, so that we may know just exactly where the matter stands."    In a postscript it said: "If this is not satisfactory, let us know."    We are of opinion that under the facts stated defendant could not cancel the order without any previous notice or request for shipment; and also that this letter was not intended as a final cancellation.    It requested a cancellation, but recognized that plaintiff had a right to refuse to cancel.    The reply by plaintiff is twice in evidence, under different dates, owing to some mistake in the bill of exceptions, but it is obvious that the true date is May 2nd.    Plaintiff replied that it would not be at all satisfactory to cancel the order as it had the stock all ready to load, but had found it impossible to get cars and that it was daily expecting invoices for one or two cars.    Plaintiff shipped two cars on May 10th, one car on May 15th, and the last car on May 16th.    On May 15th defendant wrote plaintiff, declaring it had cancelled the order, stating it had that day received invoices for two more cars, and adding, "We will take this lumber in, but we don't want you to ship any more, for, not getting the lumber when we should have received it, we ordered very heavily of other people, so can't use more for some little time."    We conclude the proofs do not show a valid cancellation of the order.    It is not questioned but that the lumber was of the kind and quality ordered, and no sufficient reason appears why defendant should not have received and paid for it.

When this lumber was delivered on board cars at the point of shipment, consigned to defendant, it was thereby delivered to the defendant, and the title vested in the defendant.    City of Carthage v. Duvall, 202 Ill., 234; L. S. & M.

S. Ry. Co. v. National Live Stock Bank, 178 Ill., 506. It was therefore the duty of defendant to take care of the shipments when they reached Plano, and plaintiff's cause of action for the agreed price would be unaffected by any failure of defendant to take care of the lumber at that point. Defendant sought to prove a subsequent arrangement with plaintiff, by which the care of the lumber at Plano, and a duty to account for its proceeds, was cast upon plaintiff. J. E. Silverthorne, secretary and manager of plaintiff, was a witness for plaintiff. On cross-examination he testified he had five brothers; that two of them were connected with plaintiff, and that they had never been at Plano, but that another brother, not directly connected with plaintiff, had been at Plano. An officer of defendant testified that a Mr. Silverthorne, whose initials he did not remember, but not J. E. Silverthorne, came to Plano with the invoices of this lumber, sought a settlement with defendant, and offered either to accept a reduced price defendant offered for the lumber or else to take care of the lumber. He went away and did not further communicate with defendant. There was no proof that this Mr. Silverthorne was in the employ of plaintiff, or had authority from plaintiff to make a settlement; and if he had been the agent of plaintiff with due authority, still he made no contract. This proof did not cast upon plaintiff the duty of caring for defendant's lumber at Plano. The jury allowed $88.52 less than was due to plaintiff, and defendant has no cause to complain thereof.

But if the plea in abatement is true plaintiff has no right to a judgment for its claim in the courts of this State. For the error in sustaining the demurrer to the plea in abatement the judgment is therefore reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*