## P. S. DeWitt et al. v. Flint & Walling Manufacturing Company.

### Gen. No. 4,768.

1. JUDGMENT—*when motion to set aside, predicated upon affidavits, properly denied.* A court is without power absolutely to set aside and destroy a judgment entered by confession where the motion is predicated solely upon affidavits relying upon matters of fact.

2. JUDGMENT—*certainty required of affidavits offered upon motion to reopen.* Affidavits submitted upon a motion to set aside or reopen a judgment should set forth the facts and not the conclusions; language which would be sufficient in a plea, if used in an affidavit might be insufficient..

3. FOREIGN CORPORATION—*when, not affected by act of 1899 imposing restrictions upon, doing business in this state.* The act of 1899 concerning foreign corporations doing business in this state and requiring, among other things, that they be licensed, does

not affect such corporations with respect to rights of action aris-
ing prior to the passage of the act.

4. FOREIGN CORPORATION—*when charge of doing business con-
trary to statute is not established.* Where it is charged that a
foreign corporation did business in this state without having com-
plied with the act of 1897, and that notes in question were taken
in connection with a transaction had in this state by a foreign
corporation without having complied with such act, the charge
is not established where it is not ·made to appear by the proof
tendered that the notes in question were not given in connection
with business done by drummers or traveling salesmen.

Judgment by confession. Appeal from the Circuit Court of Iro-
quois county; the Hon. F. L. HOOPER, Judge, presiding. Heard
in this court at the October term, 1906. Affirmed. Opinion filed
March 13, 1907.

FLEMING R. MOORE and NELLIE B. KESSLER, for ap-
pellants.

W. G. BROOKS and JOHN P. PALLISSARD, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion
of the court.

On January 15, 1898, appellants gave O. P. Ben-
jamin Manufacturing Company, an Indiana corpora-
tion, a judgment note which it afterwards assigned
to appellee, another Indiana corporation. On Decem-
ber 30, 1898, appellants gave the same company
another judgment note, which it also assigned to ap-
pellee. Appellee caused a judgment by confession to
be entered against appellants upon these notes. Ap-
pellants entered their motion nearly four years later
to vacate and set aside said judgment. The court
heard said motion upon an affidavit presented by ap-
pellants, and upon oral proof introduced by appellee.
The application was based upon the ground, stated
in the affidavit, "that the note upon which judgment
was confessed in the above entitled cause was given
by the said defendants to the O. P. Benjamin Manu-
facturing Company in settlement of business trans-
acted, had and conducted by the O. · P. Benjamin

Manufacturing Company with said defendants in this state;'' and the affidavit stated in detail, all on information and belief, that the payee and the appellee were foreign corporations, and were never authorized to transact business in this state, and never complied with the act approved April 23, and in force July 1, 1899, prescribing certain requirements for foreign corporations, non-compliance with which prohibits their maintaining any action in the courts of this state upon any demand arising out of contract. The purport of the testimony introduced by appellee was that it took each of the notes by indorsement from the payee before maturity and in payment and settlement of business done by it with the payee in Indiana and not in Illinois. The court denied the motion, and this is an appeal by defendants below from that order. The only error assigned is in denying the motion to vacate and set aside the judgment.

1. Appellants did not ask the court to open the judgment and give them leave to plead the defense alleged. The question whether these notes arose out of the transaction of business in this state, within the meaning of our statute, and whether they were void in the hands of an innocent purchaser before maturity, could not be determined against appellee on a mere motion. The only thing appellants could have a right to ask in such a case, under a proper showing, would be for leave to raise issues of fact in defense, and to try such issues before a jury, while the judgment stood as security. They did not ask any such relief, but sought to have the court deprive appellee of its judgment on a mere motion. The motion was therefore properly denied.

2. The affidavit only negatives a compliance with the act of 1899 concerning foreign corporations doing business in this state, whereas said notes were given in 1898, and the right of action thereon could not be affected by a statute passed in 1899. When these notes were given the act of 1897 was in force,

and it stated that its provisions did not apply to drummers or travelling salesmen soliciting business in this state for foreign corporations which were entirely non-residents. (See the last words of section 2 and 3 of said act.) The affiant did not show that the business for which these notes were given was not done by drummers or travelling salesmen in soliciting business for the Benjamin Company. The oral evidence offered by appellee did not supply this lack of proof. It showed that appellee manufactured goods and sold them in Indiana to the Benjamin Company. The latter handled appellee's goods in certain territory in Illinois, and also handled other goods in the same territory. The witnesses who testified for appellee had no knowledge for what business appellants gave these notes to the Benjamin Company, nor did they know how the Benjamin Company handled goods in Illinois. For aught that appears, either in appellant's affidavit or in the testimony of appellee's witnesses, it may have been solely through orders taken by travelling salesmen and filled in Indiana, in which case these notes would not be void under the law of 1897, in force when they were given, nor the holder precluded from suing thereon in the courts of this state.

3. The affidavit is insufficient to authorize interference with the judgment, because it does not state the facts which formed the consideration of the notes. Its language would be sufficient, perhaps, in a plea (Earl Mfg. Co. v. Summit Lumber Co., 125 Ill. App. 391), but we do not regard it as a sufficient statement of facts in an affidavit.

The maker of the affidavit may mean by "business transacted, had and conducted" something quite different from what the statute means. Havens & Geddes Co. v. Diamond, 93 Ill. App. 557. The affidavit stated a mere conclusion. The transactions which were merged in the notes were known to appellants and not to appellee, and should have been stated, so that the court could see whether they amounted to doing

business in this state, within the meaning of the statute. Again, the judgment was confessed upon two notes, while the affidavit only relates to one note, without describing it or stating to which note reference is made. Finally, the affidavit is chiefly on information and belief, and is insufficient for that further reason.

The order is affirmed.

*Affirmed.*