## A. E. Ziehme, doing business as St. Louis Jewelry Company, Plaintiff in Error, v. L. B. McInerney, Defendant in Error.

## Gen. No. 16,203.

1. VENDOR AND VENDEE—*when rescission unauthorized.* After the acceptance of a proposed contract, it becomes binding upon both parties, and the vendee cannot cancel the same without the consent of the vendor.

2. CONTRACTS—*how cannot be varied by parol.* A stipulation in a written contract that no statement made by the vendor or its salesman will be a part of the agreement, unless written in the original order, is binding on the vendee, and parol evidence is inadmissible to contradict or enlarge the terms of the contract as it existed when signed by the vendee and accepted by the vendor.

3. SALES—*what delivery passes title.* A delivery of merchandise ordered to a common carrier is a delivery to the vendee, and upon such delivery title passes to the vendee, and authorizes recovery of the purchase price by the vendor.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed. Opinion filed February 21, 1912.

ALBERT O. OLSON, for plaintiff in error; JAMES J. LEAHY, of counsel.

FRANCIS A. HARPER and ODE L. RANKIN, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This is a suit brought in the Municipal Court by A. E. Ziehme, doing business as the St. Louis Jewelry Company, plaintiff in error, against Mrs. L. B. Mc-Inerney, defendant in error, to recover the purchase price of a consignment of jewelry alleged to have been sold and delivered to her in compliance with her written order to plaintiff in error. The material facts are that on June 16, 1908, a salesman of plaintiff in error called on defendant in error at her place of business in Chicago, and after some conversation about the proposition he had, he induced her to sign the written order for the jewelry in question. After an itemized list of the various articles of jewelry, together with prices of the same, followed by printed provisions with reference to warranty, privilege of exchange, explanation of a coupon system, etc., the order concludes as follows:

"Date 6-16-'08.

St. Louis Jewelry Co.,
    St. Louis, Mo.

Gentlemen:—On your approval of the terms and conditions of the above order, please deliver to us, at your earliest convenience, F. O. B. factory or distrib-

Ziehme v. McInerney, 167 Ill. App. 577.

uting point, the goods above listed on the above terms. We agree that no statement made by ourselves or the salesman will be a part of this agreement, unless written in the original order received and accepted by you.

W. C. Block,                         Mrs. L. B. McInerney,
        Salesman.                              Customer.''

The contract was signed by the defendant in error on the evening of June 16, 1908, about five o'clock, and delivered to salesman, Block. It was received by plaintiff in error at his St. Louis office about 10 A. M. on the following day, June 17th. Upon receiving the order and investigating defendant in error's credit standing, plaintiff in error at once properly addressed and mailed to defendant in error on the same day, June 17th, a letter with proper postage, notifying her of his acceptance of the order and the shipment of the goods by express accordingly. The letter was received by her in the usual course of the mails. About 9 o'clock A. M. of June 17th, the day the goods were shipped, defendant in error wrote a letter of cancellation to plaintiff in error, properly addressed and mailed, in which she said to him: ''I want you to cancel my order of yesterday given your Mr. Block. I have considered the matter and decided I won't try that Coupon Scheme just now.'' This letter was received by plaintiff in error about 10 o'clock A. M. of June 18th, and he replied at once that the goods were already shipped and that he could not, therefore, accommodate her by cancelling the order. Defendant in error refused to accept the goods from the express company, and they were never returned to plaintiff in error. A verdict and judgment were rendered in a jury trial in favor of defendant in error, and this writ of error is prosecuted to reverse the judgment. The defense of defendant in error was based solely upon an oral statement of the salesman put in evidence by the defendant in error against the objections of plaintiff in

·error. The statement of the agent was made, as she testified, before she signed the contract, and is as follows: "If you do decide not to take it (the goods), it will only cost you a two cent stamp to cancel this order."

After the acceptance by the plaintiff in error of the proposed contract of defendant in error, it became binding upon both parties thereto, and the defendant in error could not cancel the same without consent of plaintiff in error. The stipulation in the written contract that no statement made by defendant in error or the salesman will be a part of the agreement, unless written in the original order, is binding on her, and parol evidence was not admissible to contradict or to enlarge the terms of the contract as it existed when signed by her and accepted by plaintiff in error. Davis v. The Fidelity F. Ins. Co., 208 Ill. 375; Union S. Sewing M. Co. v. Lockwood, 110 Ill. App. 387.

The delivery of the goods, consigned to defendant in error, to the express company at St. Louis, was a delivery thereof to defendant in error, and upon such delivery, title thereto and responsibility therefor, passed from plaintiff in error to defendant in error. The refusal of defendant in error to accept the goods from the carrier could not defeat an action for the purchase price. Earl Mfg. Co. v. Summit Lumber Co., 125 Ill. App. 391; City of Carthage v. Duvall, 202 Ill. 234.

The delivery of the goods to the carrier was an act of acceptance of the contract, and no notice of revocation had been received by plaintiff in error until after such delivery was made. Besides, the plaintiff in error had previously accepted or approved the contract by letter properly mailed and addressed to defendant in error. Haas v. Myers, 111 Ill. 421; Chytraus v. Smith, 141 Ill. 231; Byrne v. Van Tienhoven, 5 Com. Pleas Div., 344 (Eng.).

There was only required of plaintiff in error the simple act of approval or acceptance of said contract to make it binding on both parties. It was not required to be by mail or even in writing. There is no force in the contention of defendant in error that the mail service was the selected agency of plaintiff in error by which the contract was to be completed, and that, therefore, when defendant in error mailed her letter of cancellation, plaintiff in error at that moment received notice of the cancellation. Both used the mail service voluntarily and without agreement or suggestion by the other, she for the purpose of giving notice of cancellation, and he for the purpose of giving notice of an acceptance, that had already been made.

The mail service was the common agency of both parties, and there was no notice to plaintiff in error of defendant in error's desire to cancel the order until it was delivered at St. Louis; and at that time the contract had already been completed by the plaintiff in error's approval thereof and delivery of the goods to the carrier. There being no evidence offered tending to establish a defense to the claim of the plaintiff in error, and he having proved his case in every particular, a verdict should have been directed in his favor.

The judgment is, therefore, reversed, and a judgment will be entered in this court in favor of plaintiff in error and against the defendant in error in the sum of $288, the contract price of the goods, and for costs.

*Judgment reversed.*