## Jacob H. Jaffe, Appellant, v. Joseph H. Goldner and S. J. Rissman, Appellees.

### Gen. No. 32,957.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed January 21, 1929. Rehearing denied and opinion slightly modified February 4, 1929.

ALFRED M. LOESER, for appellant.

JACOBSON, MERRICK & LATTER, for appellees.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought suit to recover $2,500 under the Blue Sky Law, Cahill's St. ch. 32, ¶ 254. The court instructed the jury to find against the plaintiff. He appeals from the judgment.

September 19, 1925, plaintiff paid defendants $2,500 for five units in a trust estate formed and promoted by defendants which consisted of land in Markham, Illinois. At this time defendants did not have title to

the property but thereafter, in November, secured deeds and November 17, 1925, conveyed the property to the Union Bank of Chicago, as trustee, in trust for the use and benefit of plaintiff and other unit holders. Defendants agreed to prepare a trust agreement and issue certificates to the unit holders evidencing an interest in the trust estate, but failed to do so and instead delivered to the plaintiff a declaration of trust executed by the Union Bank of Chicago, as trustee, which is in the usual form of a deed of trust reciting that it had taken title to the property in question and would deal with it as directed by a certain percentage of the unit holders.

Plaintiff contends that the deed of trust was a security coming under Class "D" of the Blue Sky Law, Cahill's St. ch. 32, ¶ 260. It is conceded that no statement was filed by the defendants with the secretary of state, as required by the act. Counsel for plaintiff has discussed various sections of this statute with citations of a considerable number of cases, but counsel for defendants states the point in controversy thus:

"There is no question that the sale proven by the plaintiff in this case is of a 'security' within the meaning of said Act. Whether it be a 'participation certificate,' 'a certificate of a share of interest,' 'a certificate evidencing share of or interest in a trust estate or association,' appellees (defendants) do not claim that the sale in this case as shown by the plaintiff's evidence is not a sale of a security under the provisions of this Act, but they do claim that the securities were a Class A security, being issued by the Union Bank of Chicago, which under the appellant's (plaintiff's) evidence was proven to be a trust company organized under the laws of the State of Illinois."

And again: "If the plaintiff proved that it (the security) was either a Class D or a Class C security, he made out a *prima facie* case."

Assuming this statement presents the only point which we are called upon to decide, we have little difficulty in arriving at the conclusion that the security in question comes under Class D, as contended for by plaintiff, and not under Class A, as contended for by defendants.

Cahill's St. ch. 32, ¶ 256, provides:

"(1) Securities, the inherent qualities of which assure their sale and disposition without the perpetration of fraud, which shall be known as securities in Class 'A'."

Cahill's St. ch. 32, ¶ 257, provides that Class "A" securities are those:

"Issued by any National Bank, or by any State bank or trust company of this State."

Cahill's St. ch. 32, ¶ 261, provides that all securities other than those falling within Classes A, B and C, respectively, shall be known as securities in Class D.

Defendants' position rests solely on the fact that the deed of trust, a copy of which was received by plaintiff, was executed and issued by the Union Bank of Chicago, a regularly organized State bank or trust company of Illinois. When we refer to Cahill's St. ch. 32, ¶ 255, of the act, we find that the word "securities" is defined as: "Any certificate, contract or instrument whatsoever, representing or constituting evidence of, or secured by, title to or interest in, or any lien or charge upon, the capital or any property or assets of the issuer thereof." Securities are generally defined as written assurances for the return or repayment of money or evidences of indebtedness. 37 C. J. 275; *State v. Whiteaker*, 118 Ore. 656. It would seem obvious, then, that, when the act refers to a security issued by a bank, it means a security which is a lien or charge upon the bank or its property or assets. In *Stewart v. Brady*, 300 Ill. 425, the purpose of exempting securities issued by banks and trust com-

panies from the operation of the Blue Sky Law was stated as follows:

"The banks and other organizations named are all under Federal or State supervision. The legislature might well believe that because of their character, financial responsibility and methods of doing business, and of the public supervision and inspection of them, no necessity existed for requiring further guaranties."

A mere reading of the deed of trust shows that it represented no assets of the bank nor any of its money or property. The bank only held the naked title to the land with the agreement in its capacity, as trustee, to convey as it might be directed and to disburse the money received to the unit holders. It had no more interest in the body of the trust than it would have in an estate in which it was acting as trustee or executor under the will. The document specifically provides:

"That the trustee shall not be required to enter into any personal obligation or liability in dealing with said land or to make itself liable for any damages, costs, expenses, fines or penalties."

There is point in the suggestion that to give legal sanction to defendants' plan would permit anyone to evade the provisions of the Blue Sky Law by conveying title to property, either real, personal or imaginary, to a bank as trustee and have the bank issue a series of declarations of trust. It would be doing violence to reason and every sense of fairness to classify such certificates under Class A, which the act defines as securities "the inherent qualities of which assure their sale and disposition without the perpetration of fraud."

Plaintiff was entitled to recover the amount he paid. Cahill's St. ch. 32, ¶ 290.

The only question to determine is one of law, namely, the construction of the deed of trust with reference to its classification under the Securities Act, Cahill's St.

ch. 32, ¶ 254 *et seq.*, and the pleadings present no other question for determination. There is no dispute as to the facts. Under such circumstances we are warranted in reversing without remanding. *Povlich v. Glodich,* 311 Ill. 149; *Sherriff v. Kromer,* 232 Ill. App. 589. The judgment of the municipal court is reversed and judgment for the plaintiff against the defendants is entered in this court for the sum of $2,500.

*Reversed and judgment here for plaintiff for $2,500.*

O'CONNOR, P. J., and MATCHETT, J., concur.