Elizabeth Dobal, Appellee, v. Guardian Finance Corporation et al., Trustees of a Trust Estate, Trading as Home Builders Investment Trust, Appellants.

Gen. No. 33,017.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed January 21, 1929. Rehearing denied February 4, 1929.

ARTHUR H. JONES, for appellants.

E. R. HARTIGAN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff sued defendants for the aggregate amount of sums of money paid by her to them according to the terms of a certain writing. She averred that the transaction was void under sections 2–9 of the Illinois Securities Law (see Cahill's St. ch. 32, ¶¶ 255–262; Smith-Hurd's Rev. St. 1923, ch. 121½, p. 1866). She also claimed attorney's fees as provided by that act. Defendants filed an affidavit of merits.

There was a trial by jury, and at the close of all the evidence the court instructed the jury to return a verdict in favor of plaintiff and assess her damages at the sum of $1,475. Judgment was entered on this verdict after motions for a new trial and in arrest had been overruled.

Defendants recite 19 alleged errors, upon which they rely, and present a "brief" containing 31 alleged errors, followed by an argument of 7 pages, in which the larger number of these points (not being discussed) are waived under rule 19 of this court. As a matter

of fact the controlling questions in the case are only two: (1) Whether the court erred in instructing the verdict; (2) whether it erred in excluding evidence offered by defendants.

There is no dispute as to the facts. On December 6, 1923, plaintiff, whose name at that time was Elizabeth Dobal, paid to a Mr. Ross, representing the Guardian Finance Corporation, the sum of $625 in cash and received a duplicate of a document which appears in evidence. It is of a yellow color and in printed form, indicating a usual course of business on the part of defendants. At the top appears the following in print:

"Notice: Payments made herein are not for deposit and cannot be withdrawn. This contract is as herein set out, and agents have no authority to alter or amend this application or to bind any of the parties hereto by any statement not made herein."

Immediately below this notice and in much larger print appears the following statement, evidently intended to indicate the nature of the transaction:

"ORIGINAL APPLICATION FOR THE PURCHASE OF JUNIOR MORTGAGE BONDS."

Beneath this statement appears the following:

"To the Guardian Finance Corporation,
64 W. Randolph Street, Chicago, Illinois.
"App. rec'd.......12/8     L. S. Made..........
    Book No........20447     Made ..............
    Given to............     Date ..............

"I hereby make application for the purchase of Five Thousand Dollars ($5,000) of the par value of bonds belonging to the Trustees of the Home Builders Investment Trust, which said bonds are to be Six Per Cent (6%) Gold Bonds secured by Junior Mortgage or Trust Deed, upon specifically described real estate in the State of Illinois.

"I hereby agree to purchase at once Six Hundred Twenty-five Dollars ($625) of said bonds, which amount is paid herewith, and I agree to purchase and

pay for Fifty or more Dollars ($50) of the par value of said bonds on the 15th day of each month hereafter until said entire amount of bonds applied for herein have been by me purchased, and I further agree to assign all such bonds as purchased to the said trustees as collateral security for the punctual performance of all the covenants of this application.

"It is agreed that this document shall be construed to be an application for the purchase of bonds and shall never be construed by the parties hereto or by any court as an investment contract.

"Dated at Chicago, Ill. . . . this the 6th day of December, A. D. 1923."

In appropriate blanks below appear the signature of plaintiff, her address, telephone number, occupation, and the name of the salesman. The words "Accepted by" are followed by a blank which is not filled in.

At the time of signing this paper plaintiff paid $625 and received a book which is designated on its back as "RECEIPT BOOK No. 20447 GUARDIAN TRUST COMPANIES 64 W. Randolph St., Chicago, U. S. A. Property of," and in the blank underneath is the name of plaintiff. Upon a page within is pasted a printed paper upon which appears the following:

"THE GUARDIAN FINANCE CORPORATION accepts the payments endorsed by authorized persons in the Receipt Book, as Fiscal Agent for and for the account of the Trustees of the Home Builders Investment Trust according to the terms and conditions of Application No. 20447, dated Dec. 6th, 1923, and identified by the signature of the owner hereof, for the purchase of Junior Mortgage Real Estate Gold Bonds.

GUARDIAN FINANCE CORPORATION<br>11th Floor

64 West Randolph St.        CHICAGO, ILL."

On the pages of this book appear the number of the book, the name of the plaintiff, her address, "Face of bond $5,000.00 Entrance Fee $625.00 Monthly paym'ts

$50.00.'' In appropriate columns on each page of the book are blanks in which it was evidently intended to be written the day of the month, the initials of the collector and the amount of payments as made by plaintiff from time to time, and it appears therefrom that plaintiff continued to make payments until January 5, 1926, at which time she paid $25, making a total sum of $1,175 paid by her.

Notwithstanding the statement which appears in this application to the effect that it shall not be construed to be an investment contract, and notwithstanding its provisions are so unique as to make a definition of its character somewhat difficult, we are disposed to hold, construing these two documents together and considering the nature of the transactions from time to time, that the whole transaction must be construed to be a contract of an investment nature and therefore subject to the provisions of the Illinois Securities Law, Cahill's St. ch. 32, ¶ 254 *et seq.* Although this contract was signed by only one of the parties, namely, the plaintiff, it was held and acted on by the defendants in that from time to time they received and accepted plaintiff's money thereunder and they would therefore be bound thereby (*Ziehme v. McInerney,* 167 Ill. App. 577; *Hoyt v. Schillo Motor Sales Co.,* 185 Ill. App. 628). The agreement was in the nature of an investment contract and subject to the provisions of the Illinois Securities Act, unless excepted therefrom by the provisions of that act. Further, according to the provisions of paragraph 2 of section 37 of that act, Cahill's St. ch. 32, ¶ 290, subd. 2, the burden of proof is put upon the seller or issuer to establish exemption from the act if exemption is claimed.

In this case the defendant contends that this contract was one for the sale of junior real estate bonds and was therefore a Class A security, which, under section 4, Cahill's St. ch. 32, ¶ 257, is expressly

exempted from the provisions of the act. Section 3 of the Securities Act, Cahill's St. ch. 32, ¶ 256, provides that Class A securities shall be such that the inherent qualities thereof assure the sale of the same without the perpetration of fraud. We find no description of any such securities in this contract. Under its terms the securities sold might be secured upon any piece of land of any amount with any number of prior liens for any amount against it, provided that the real estate was specifically described and situated in the State of Illinois. Indeed, the agreement discloses no specific promise on the part of defendants to deliver any bond of any kind or character. This contract on its face is absolutely worthless, and if the intention was to separate the plaintiff from her money without giving any valid consideration therefor, it seems to have been well designed for that purpose. It was not a Class A security and is not exempt from the provisions of the Securities Act as such. On the contrary, it represents precisely the kind of transaction against which the Securities Act was intended to give protection.

Defendants offered testimony tending to show that certain real estate bonds were turned over by the Guardian Finance Corporation to the trustees of the Home Builders Investment Trust for the plaintiff. It does not appear, nor was there any offer to show, that plaintiff was ever notified of such fact or that she ever assented thereto. An employee of the Home Builders Investment Trust testified that he had certain bonds in his possession which he produced and which have printed thereon the statement that the same were "junior mortgage bonds." He testified that these bonds were set aside and kept in a vault in anticipation of the completion of plaintiff's payments. Plaintiff testified (and her evidence is not contradicted) that she was never notified of any such allotment and never assented thereto.

Defendants offered oral evidence as to the condition of the title of the real estate conveyed to secure these bonds. This evidence was properly excluded. 10 R. C. L. 905, ¶ 57; *Kirkpatrick v. Clark*, 132 Ill. 342. Moreover, for the reasons already stated, no proper foundation was laid for the introduction of this evidence.

Plaintiff's right of property was in her investment contract and not in the bonds. The contract is void under the provisions of the Securities Act and is on its face a palpable fraud which would justify a judgment for the return of the money paid under its terms irrespective of the Securities Act.

The judgment is affirmed.

*Affirmed.*

O'Connor, P. J., and McSurely, J., concur.