Etta M. McCormick, Appellant, v. Nilas O. Shively, Appellee.

**Gen. No. 35,632.**

100

Opinion filed June 15, 1932.

ALFRED ROY HULBERT, for appellant.

LOUIS N. BLUMENTHAL and MYER H. GLADSTONE, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

Plaintiff, Etta M. McCormick, brought her action against Nilas O. Shively, doing business as Nilas O. Shively & Company, claiming that the defendant had sold her a certain investment contract which was one of the class of securities enumerated in The Illinois Securities Law, Cahill's St. ch. 32, ¶ 254 *et seq.*, and that the defendant had not complied with any of the requirements of said law relating to the sale and the offering for sale of such a security or investment contract. The declaration sets out in full the instrument in question, together with the power of attorney attached thereto, and in addition charges that the defendant caused certain advertisements to be inserted in the Chicago Daily Tribune, a newspaper in general circulation in this community, and issued certain circulars or advertisements which induced the plaintiff to enter into the contract and which should be read and considered as part of the agreement. The contract itself appears to be a contract for the sale and purchase of certain real estate situated in Mexico, and provision was made therein for the payment of certain definite sums of money at certain definite periods of time and the giving of a deed to the premises described upon final payment. The contract standing alone is a simple contract for the purchase and sale of real estate under which the purchaser agrees to purchase and the

defendant agrees to sell and deliver a deed upon final payment. There appears to be a reservation in the contract to the effect, however, that after the payments have been made and the deed granted, the vendor shall have for a period of 15 years a one-half interest in and to all growing crops, timber, oil, gas, mines and minerals being within, on or under the described premises. The power of attorney attached to the instrument grants to the vendor the right in her name, place and stead to prospect, explore, bore, drill and mine said property and to do certain other things in connection with the use of said property, provided, however, that the vendee should incur no personal liability by reason thereof and should be held harmless by the vendor from any and all liability or obligation incurred by reason of the exercise of the power set out and enumerated in the power of attorney. This power of attorney granted the right for a period of 18 months and an extension of time as to said rights in the event the vendee should receive certain specified sums of money from the vendor as a result of his efforts in the exploitation of the property, under the power of attorney.

The advertising made part of the declaration, consisting of a full page in the Chicago Daily Tribune, together with the circulars issued by the defendant, contained colored drawings and pictures of Mexico, showing the beauty of the scenery and the wonders of nature; statements of investments made by well-known corporations, glowing descriptions of the fertility of the soil and the possibilities of the underlying mineral worth and a seductive and enticing word picture of the growing possibilities that should inure to the benefit of the purchaser. It is earnestly insisted that these advertisements and this sales propaganda should be read into and considered a part of the agreement and that thereby what might otherwise be a simple con-

tract for the sale and purchase of real estate, would become a security within the meaning of The Illinois Securities Law.

The Securities Law, sometimes referred to as the Blue Sky Law, enacted and in force June 10, 1919, and found in Cahill's Revised Statutes, 1931, chapter 32, is entitled, *"AN ACT relating to the sale or other disposition of securities and providing penalties for the violation thereof and to repeal Acts in conflict therewith."* Paragraph 255 provides:

"(1) The word 'securities' shall mean and include stock, treasury stock, bonds, debentures, investment contracts, notes, evidences of indebtedness, participation certificates, certificates of shares or interest, etc."

Paragraph 259(1) provides:

"Investment contracts, or annuity contracts, or installment investment contracts, or installment investment certificates, or installment participation certificates, or installment investment bonds, or securities of like kind, which contemplate that the issuer shall pay or deliver, or whereby the issuer agrees to pay or deliver, either absolutely or conditionally, to the purchaser or holder of the contract, certificate, bond or like security, *a sum of money at a future time, either with or without interest, in consideration of a payment or payments made or contemplated to be made by such purchaser or holder, which securities are hereinafter referred to as investment contracts* . . ."

The statute clearly contemplates that only such contracts shall be considered investment contracts as provide for the payment of money at a future time to the purchaser or holder of the contract. No such provision is found in the agreement under consideration. It provides that the payments for the purchase of the property shall be made unconditionally and at certain specified periods of time and that a deed to the property shall be issued upon completion of the payments.

The power of attorney attached to the agreement provides that the vendor shall have certain rights in and to the property, namely, the right to explore, drill and mine said property and an interest in and to the timber or minerals, oils, coal, etc., upon or underneath the ground. The right to exploit the property, however, is contingent upon the payment of all the expenses by the vendor and without any obligation upon the part of the vendee. There is no definite agreement or understanding that the vendor will develop the property, and the time within which he shall exercise this right is limited in the agreement and in the power of attorney.

If the extraneous matter referred to in the advertisements and the advertising circulars were permitted to enter into and become a part of the agreement, it would open up a field not contemplated by the provisions of the Illinois Securities Law. Every real estate contract providing for the sale and purchase of real estate would become insecure and might be brought within the meaning of the act if this interpretation were recognized by the courts. The act itself provides for a penalty for its violation and courts will not extend its application and will not enlarge, reform or amend it. *Iselin v. United States,* 270 U. S. 245; *People v. Morris,* 338 Ill. 335.

Securities are generally defined as written assurances for the return or repayment of money or evidences of indebtedness. *Jaffe v. Goldner,* 251 Ill. App. 188; 37 Corpus Juris, 275. The act itself, under the definition of investment contract, defines it as one whereby the issuer agrees to pay or deliver a sum of money at a future time. There is nothing in the contract in question which includes any of these essential features. The case of *Dobal v. Guardian Finance Corp.,* 251 Ill. App. 220, cited in support of the argument, is not controlling. It was there held that the

contract in question disclosed no specific promise on the part of the defendants to deliver any bonds of any kind or character whatsoever. In the case of *Prohaska v. Hemmer-Miller Development Co.*, 256 Ill. App. 331, it appears that the vendor under the contract agreed to do certain things, among which was the harvesting of the crops upon the land during the life of the agreement and an application of the profits to the purchase price of the land. There is no obligation in the case at bar on the part of the vendor to do anything other than to deliver a deed upon the payment of the purchase price.

If the plaintiff was induced to enter into the agreement by reason of misrepresentation or fraud as to material facts, she might have an action under the common law, but this does not entitle her to recover under the Illinois Securities Law.

A demurrer was sustained by the circuit court to the declaration filed in this proceeding and, the plaintiff electing to stand by her declaration, judgment was entered against her and we see no reason for disturbing this judgment.

For the reasons stated in this opinion the judgment of the circuit court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and FRIEND, J., concur.