Mr. Chief Justice Marshall,,
delivered the opinion of the Court.&emdash;
This case arose under the provision oLihe Act of the legislature of Maryland incorporating the Bank of Columbia, which authorizes summary process for the collection of debts due to the bank. That Act allows an execution against the person of the debtor, to issue in the first instance, upon the application of the president of the bank; but'it also authorizes the'Court,, if Upon the return of the execution the defendant‘s dispute the debt,” to order án issue to be made up', &c. to try the action.
In tlie present case, the Circuit' Court, did not refuse to direct such ¿n issue to be made up; which had ■ they refused to do, a mandarmfs would have be^n the proper process to compel that to be done, which the Act requires. But the Circuit Court did direct an issue, and allow a plea of the statute of limitations..
The application now is, that the Circuit Court be ordered to withdraw that issue, and to direct a different issue,to be made up, according to what the counsel for the bank supposes to be the'proper.construction of the Act.
We think this is- not a proper cage for a mandamus.. It does, not differ in principle, from 'any other, ca.se in' which the party should plead a defective plea, and the plaintiff should demur to it; in which case, there is no .doubt that the revising power of this Court could be exercised only by a writ Of erx-or.
If this motion could now prevail, it would be-a plain evasion of the provision of the Act of Congress, -that final judgments only should be brought before this . Court for re-examination.This.case might- still be brought' before this.Court by a writ of error, notwithstanding any opinion expressed' upon the mandamus, .and the samé question again be-' discussed upon the final judgment.' The .effect therefore of this mode of interposition, Would be to retard' decisions upon questions which were not final in the. Court' below, so that, titó same' cause might come before this Court many times, before there would be a final judgment.
The Court is therefore of.opinion that this is not a case for a mandamus~ and the motion is denied