26 U.S. 567
 1 Pet. 567
 7 L.Ed. 265
 THE BANK OF COLUMBIA
v.
GEORGE SWEENY.
 January Term, 1828
 
 Messrs. Jones and Key, moved the Court for a mandamus to be directed to the Circuit Court of the United States, for the county of Washington, in the District of Columbia; commanding them to have a certain issue joined, which issue had been tendered in a proceeding in that Court against George Sweeny, and in which the Bank of Columbia were plaintiffs. George Sweeny being indebted to the Bank of Columbia, upon a promissory note, the President of the bank, in conformity with the provisions of the statute of Maryland, incorporating the bank, passed in 1793, (Acts of 1793, vol. 20,) instituted proceedings in the Circuit Court, under which, by virtue of a capias ad respondendum, he was arrested by the marshal; and he applied to the Court to be allowed, under the authority of the 14th section of the Act incorporating the bank, to 'dispute' the debt claimed by the bank.
 The Court thereupon ordered an issue to be joined, and the attorney of the bank being directed to draw a declaration, offered one tendering an issue upon the allegation that the debt mentioned in the execution was due. To this issue the attorney for the defendant objected, and he claimed the right to put in issue the plea of the statute of limitations. The Circuit Court held, that the defendant was entitled to avail himself of the statute, and that the attorney of the bank should file a declaration, in the common form on the promissory note mentioned in the execution, to which the defendant might plead the statute of limitations, as running from the time of payment mentioned in the note; and that the bank should reply, so as to make up the issue under the statute of limitations. The Court refused to make up the issue offered by the bank, or to make up the issue in any other way than as stated.
 The plaintiffs claimed, and by this motion sought to maintain their claim, to have an issue joined as offered by the bank, upon the debts being due, as provided in the statute.
 The following are the provisions of the 14th section of the charter, upon whcih the proceedings were had, and by which the plaintiffs insisted they had a right to the proceedings they had adopted.——
 'And, whereas it is absolutely necessary that debts due to the said bank should be punctually paid, to enable the directors to calculate with certainty and precision on meeting the demands that may be made upon them, Be it enacted, that whenever any person or persons are indebted to the said bank for moneys borrowed by them, or for bonds, bills or notes, given or endorsed by them, with an express consent in writing that they may be made negotiable at the said bank, and shall refuse or neglect to make payment at the time the same becomes due, the President shall cause a demand in writing on the person of the said delinquent or delinquents, having consented as aforesaid, or if not to be found, have the same left at his place of abode; and if the money so due shall not be paid within ten days after such demand made, or notice left at his last place of abode as aforesaid, it shall and may be lawful for the President, at his election, to write to the clerk of the general Court, or of the county in which the said delinquent or delinquents may reside, or did at the time he or they contracted the debt reside, and send to the said clerk the bond, bill or note due, with proof of the demand made as aforesaid, and order the said clerk to issue a capias ad satisfaciendum, fieri facias, or attachment, by way of execution, on which the debt and costs may be levied, by selling the property of the defendant for the sum or sums of money mentioned in the said bond, bill or note; and the clerk of the General Court, and the clerks of the several County Courts, are hereby respectively required to issue such execution or executions, which shall be made returnable to the Court whose clerk shall issue the same, which shall first set after the issuing thereof, and shall be as valid, and as effectual in law, to all intents and purposes, as if the same had issued on judgment regularly obtained in the ordinary course of proceeding in the said Court; and such execution or executions shall not be liable to be stayed or delayed by any supersedeas, writ of error, appeal, or injunction from the chancellor; provided always, that before any execution shall issue as aforesaid, the President of the bank shall make an oath, (or affirmation, if he shall be of such religious society as allowed by this state to make affirmation,) ascertaining whether the whole or what part of the debt due to the bank on the said bond, bill or note, is due; which oath or affirmation shall be filed in the office of the clerk of the Court from which the execution shall issue; and if the defendant shall dispute the whole or any part of the said debt, on the return of the execution, the Court before whom it is returned shall and may order an issue to be joined, and trial to be had the same Court at which the return is made, and shall make such other proceedings that justice may be done in the speediest manner.'The case was argued by Mr. Jones and Mr. Key for the plaintiffs at great length, upon the meaning and objects of the section, and that it authorized the demand made by the bank to exclude the plea of the statute of limitations; and contra by Mr. Swann, and the Attorney General for the defendant. The Court, in their decision, did not take notice of the arguments of counsel, as they considered the case not such as entitled it to the summary proceeding demanded.
 Mr. Chief Justice MARSHALL, delivered the opinion of the Court:——
 
 
 1
 This case arose under the provision of the Act of the legislature of Maryland incorporating the Bank of Columbia, which authorizes summary process for the collection of debts due to the bank. That Act allows an execution against the person of the debtor, to issue in the first instance, upon the application of the president of the bank; but it also authorizes the Court, if upon the return of the execution the defendant 'dispute the debt,' to order an issue to be made up, &c. to try the action.
 
 
 2
 In the present case, the Circuit Court did not refuse to direct such an issue to be made up; which had they refused to do, a mandamus would have been the proper process to compel that to be done, which the Act requires. But the Circuit Court did direct an issue, and allow a plea of the statute of limitations.
 
 
 3
 The application now is, that the Circuit Court be ordered to withdraw that issue, and to direct a different issue to be made up, according to what the counsel for the bank supposes to be the proper construction of the Act.
 
 
 4
 We think this is not a proper case for a mandamus. It does not differ in principle, from any other case in which the party should plead a defective plea, and the plaintiff should demur to it; in which case, there is no doubt that the revising power of this Court could be exercised only by a writ of error.
 
 
 5
 If this motion could now prevail, it would be a plain evasion of the provision of the Act of Congress, that final judgments only should be brought before this Court for re-examination. This case might still be brought before this Court by a writ of error, notwithstanding any opinion expressed upon the mandamus, and the same question again be discussed upon the final judgment. The effect therefore of this mode of interposition, would be to retard decisions upon questions which were not final in the Court below, so that the same cause might come before this Court many times, before there would be a final judgment.
 
 
 6
 The Court is therefore of opinion that this is not a case for a mandamus, and the motion is denied.