# BERKELEY *v.* CULLEY.

APPEAL AND ERROR; SALES; INSTALMENT CONTRACTS; PROCESS; FOREIGN CORPORATION; AGENT.

1. An order quashing service of process upon one of two defendants is not a final order, where issue has been joined by the other defendant and still stands for trial below; and therefore a special appeal allowed by this court from the order as an interlocutory one will not be dismissed on the ground that such appeal should not have been allowed. (Following *Roth* v. *Mercantile Bank,* 41 App. D. C. 293.)

2. A manufacturer has the title to goods sold under an instalment contract by a local dealer handling the manufacturer's goods exclusively, and would be the proper party to sue on the contract, where the

dealer assigned to the manufacturer, and guaranteed the payment of, the contract, in lieu of cash for goods purchased, and the manufacturer took charge of the collection of the unpaid instalments, writing the purchaser a letter requesting payment and directing that it be made to the dealer.

3. The general custom of dealing between a foreign manufacturing corporation and a local dealer in its goods is not important in establishing that the dealer is its agent under act of Congress, February 1, 1907 (34 Stat. at L. 874, chap. 445, sec. 1537, D. C. Code), authorizing service of process against a foreign corporation to be made upon an agent in suits growing out of contracts entered into or to be performed in whole or in part in the District of Columbia, where an agency can be established in the particular transaction involved in the action in which the process is served.

4. A local dealer in articles manufactured by a foreign corporation, who sold one of such articles under a conditional sales contract and then assigned the contract to the manufacturing corporation, which, having accepted the assignment accompanied by the dealer's guaranty of payment, took charge of collecting the unpaid instalments of the purchase price from the purchaser, and directed him to pay them to to the dealer,—is an agent of the corporation in collecting the instalment, and in an action against the corporation for trespass by the agent in regaining possession of the goods upon default of the purchaser, process served on such agent will be sufficient to bring the corporation into court, under the act of Congress of February 1, 1907 (34 Stat. at L. 874, chap. 445, sec. 1537, D. C. Code), providing that when a foreign corporation shall transact business in the District of Columbia without having any place of business or resident agent therein, service upon any officer, agent, or employee of the corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District; and this agency, for the purpose of service of process, is not affected by the return of the contract of the dealer in exchange for other purchaser's paper after the right of action accrued, though before the action was commenced.

5. The agency of a local dealer for a foreign manufacturing corporation, with reference to the collection of instalments from purchasers from the dealer, who assigned the contracts to the corporation, is of such a continuing character that process in an action against the corporation for trespass by the agent in regaining possession of goods from a defaulting purchaser may be served upon the agent, under the act of Congress of February 1, 1907 (34 Stat. at L. 874, chap. 445, sec. 1537, D. C. Code), providing that when a foreign corporation

shall transact business in the District of Columbia without having any place of business or resident agent therein, service upon any officer, agent, or employee of the corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District.

No. 2635.   Submitted March 2, 1914.   Decided April 6, 1914.

HEARING on an appeal (specially allowed) by the plaintiff from an order of the Supreme Court of the District of Columbia sustaining a motion to quash the service of process in an action to recover damages for a trespass, and a motion to dismiss such appeal.                    *Motion denied and order reversed.*

The COURT in the opinion stated the facts as follows:

Appellant, Kate P. Berkeley, filed a declaration in the supreme court of the District of Columbia for the recovery of damages against Earl D. Culley, trading as T. P. Culley & Son, and W. W. Kimball Company, a corporation with its general place of business located at Chicago, Illinois, appellees.

Defendant Culley & Son answered, on which issue was joined. Defendant Kimball Company appeared specially, and moved to quash the service as to it, which had been made upon "Earl D. Culley, agent," on the ground that it was a foreign corporation, and was "not doing business or transacting business in the District of Columbia, and that Earl D. Culley, the person upon whom service of process was made, is not the agent of the defendant conducting its business in the District of Columbia or otherwise, within the meaning of the statute respecting service of process on foreign corporations." On hearing, the motion to quash was granted, from which a special appeal was granted by this court.

*Mr. Leonard J. Mather* and *Mr. Richard J. Downey* for the appellant.

*Mr. H. Winship Wheatley* for the appellee.

*Mr. Justice* Van Orsdel delivered the opinion of the Court:

At the outset, we are confronted with a motion to dismiss the appeal. In support of the motion it is urged that the order appealed from is not an interlocutory, but a final, order, and that a special appeal cannot be allowed from a final order. The case still stands at issue below with the codefendant Culley & Son. The motion is therefore without merit, since the order appealed from is not a final determination of the case. *Roth* v. *Mercantile Bank,* 41 App. D. C. 293.

Coming to the consideration of the appeal **on** its merits, it is alleged that Culley & Son had sold plaintiff, upon the instalment plan, a piano manufactured by the Kimball Company retaining title therein until full payment therefor had been made; and that defendants, in attempting to recover possession of the piano, invaded the premises of plaintiff and committed a trespass, for which this suit was brought to recover damages.

It appears from the affidavit of the assistant office manager of the Kimball Company, "that said T. P. Culley & Son are given the exclusive right to sell Kimball pianos in Washington, District of Columbia, upon such terms as said Culley may determine, and upon his own responsibility therefor. That said T. P. Culley & Son pay for all goods purchased and obtained from W. W. Kimball Company, either in cash or customer's notes or contracts, which are accepted by W. W. Kimball Company in lieu of cash, provided that the following guaranty is given by T. P. Culley & Son. 'For value received we hereby assign the within contract to W. W. Kimball Company, and guarantee the payment of the same including interest and attorneys' fees at maturity, waiving notice, protest, and suit against the maker.' "

It also appears that the contract of plaintiff was assigned to the Kimball Company with the above indorsement, after which the Kimball Company took charge of the collection of the bal-

ance due thereon, and communicated with plaintiff by letter, as follows:

Your number on our books is 379366C.

Please refer to same when you write us.

"W. W. Kimball Company, Manufacturers of Pianos and Organs, S. W. Cor. Wabash Avenue and Jackson Boulevard, Chicago.

Chicago, 9–18, 1912.

The payment on your contract is past due.

Amount .....................................$ 6.00

Interest ..................................... 32.10

Total .....................................$38.10

You are respectfully requested to pay the same.

The payments are due at our office with exchange on Chicago or New York, unless otherwise specified in note or contract. Remittances may be made by express, P. O. order, or by draft. When remitting always write out your full address and the amount inclosed. Please return this notice with remittance.

W. W. Kimball Company.

Please make a special effort to settle now.

Printed thereon with a rubber stamp in red ink appeared the following: "Pay to T. P. Culley & Son, 523 Eleventh street, N. W., Washington, District of Columbia."

It is apparent from these facts that, after the contract was assigned, the title to the piano was retained in the Kimball Company, and it would have been the proper party to bring an action upon the contract. It is also clear that Culley & Son was the agent of the Kimball Company for the collection of the unpaid instalments of the contract as they became due. The act of Congress of February 1, 1907 (34 Stat. at L. 874, chap. 445, sec. 1537, D. C. Code), provides: "When a foreign corporation shall transact business in the District without having any place of business or resident agent therein, service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered

into or to be performed, in whole or in part, in the District of Columbia, or growing out of any tort heretofore or hereafter committed in the said District."

By the existing arrangement between Culley & Son and the Kimball Company, in consideration of the former handling exclusively the instruments of the latter, Culley & Son had the option of turning in these instalment contracts in payment for instruments purchased. The general custom is not important, if the agency can be established in this particular transaction. It will be observed that the statute is not confined to general agency or an established custom of doing business, but it applies to a suit growing out of a contract "entered into or to be performed, in whole or in part, in the District of Columbia." This suit grew out of the failure of the Kimball Company to fully realize upon a contract owned by it for the sale of one of its pianos in this District, a contract to be performed here. It is alleged that the trespass was committed by the servants and agents of the Kimball Company. At that time it owned the contract, and Culley & Son were not only authorized to make the collections thereon, but plaintiff had been directed to so make payment. It is not important that "W. W. Kimball Company returned said contract of said plaintiff to T. P. Culley & Son before the commencement of this suit, and said Culley made good his said guaranty by the assignment of other customers' paper." The agency existing at the time the cause of action accrued was not destroyed by the mere reassignment of the paper. It is not contended that the business relation between Culley & Son and the Kimball Company had been changed at the time process was issued and served, but on the contrary it is averred that other customers' paper was exchanged for the return of plaintiff's contract. We must assume that under the existing arrangement Culley & Son were also agents for the collection of those contracts. This, of itself, would establish a sufficient continuing agency for service at the date of the institution of the present suit.

The judgment is reversed with costs, and the cause is remanded for further proceedings not inconsistent with this opinion. *Reversed* and *remanded.*