## DUNKEL OIL CORPORATION v. INDE-PENDENT OIL & GAS CO.

### No. 5110.

Circuit Court of Appeals, Seventh Circuit.
May 21, 1934.

Chester H. Farthing, of East St. Louis, Ill., for appellant.

Ralph F. Lesemann, of East St. Louis, Ill., Cecil L. Hunt, of St. Louis, Mo., and R. H. Hudson, of Bartlesville, Okl., for appellee.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

Appellee's demurrer to appellant's declaration was sustained. Appellant stood by its declaration and judgment was rendered by the trial court in favor of appellee. A reversal is sought. The question involved in the pleadings is whether or not appellant's declaration sufficiently charges appellee with a waiver of the method of accepting the contract contained in its provisions.

Appellant is a wholesale and retail dealer in gasoline. Appellee is in the business of wholesaling gasoline in tank car lots. In a proposed contract, upon appellee's form, appellant contracted, at the instance of appellee's salesman, for a year's supply of gasoline; the monthly allotment being a minimum of 248,000 gallons and a maximum of 600,-000 gallons. The contract was to be con-

strued as a divisible one as to each installment period of one month, and concluded with this provision: "This contract shall not be valid and/or effective until approved by the Vice-President or Sales Manager of the Seller." The contract was dated October 1, 1931, signed in duplicate, and both copies delivered to appellee's salesman, who also signed and took an order for the first sale under the contract. The order was filled and subsequent orders were made and filled by shipments on October 3, 5, 6, 7, 8, 9, 10, 12, and 13, 1931. Appellant paid for the gasoline promptly so that it received the cash discounts. On October 21, 1931, appellee refused to further comply with the terms of the contract and to make further deliveries to appellant under it. Appellant seeks to recover its damages for the breach of the contract by appellee. The case turns upon the question as to whether the approval of the contract by the vice president or sales manager was waived by appellee.

The declaration alleges: "Yet the defendant waived said written approval of said contract and ratified and accepted the same by selling and delivering to the plaintiff on orders from the plaintiff at a price of one-quarter of a cent per gallon below the low quotation for 58-60 U. S. motor gasoline as shown in the Chicago Journal of Commerce on the respective date of order, f. o. b., Group 3, on the terms of payment of one percent discount if paid within ten days in pursuance of the provisions of said contract, thirty-one tank cars of gasoline of a minimum capacity of eight thousand gallons, each, which said cars contained a total of two hundred forty-nine thousand three hundred twenty-five gallons, and were ordered by the plaintiff from the defendant as follows: October 1st, 1931, two of said cars shipped by defendant on October 3rd, 1931 which amounted respectively to eight thousand and three gallons and eight thousand and thirty-six gallons at a price of two and one half cents per gallon; October 3rd, 1931, three of said cars shipped by defendant two cars on October 5th, 1931 and one car on October 6th, 1931 and which three cars contained respectively, eight thousand and one gallons, eight thousand and thirty-eight gallons and eight thousand and thirty-one gallons at a price of two and one half cents per gallon; October 7th, 1931, twenty-four of said cars shipped by defendant on the following dates: October 7th, 1931, five of said twenty-four cars, October 8th, 1931, four of said twenty-four cars, October 9th, 1931, four of said twenty-four cars, October 10th, 1931, four of said twenty-four cars, October 12th, 1931, four of said twenty-four cars and October 13th, 1931 three of said twenty-four cars which said twenty-four cars contained in the aggregate one hundred ninety-three thousand and forty-three gallons at a price of two and one half cents per gallon; October 9th, 1931, two of said cars shipped by the defendant on October 14th, 1931, one containing eight thousand and seventy gallons and the other eight thousand one hundred three gallons, at a price of two and three quarters cents per gallon * * * ."

The demurrer was sustained upon the theory that it was incumbent upon the pleader to allege that there was some "act or acts on the part of those especially designated to approve the contract or one of them constituting a waiver by them or him, or in the absence of an act on the part of one of those who had the authority to approve the contract, constituting a waiver, there must have been some act or acts by some one of superior authority overriding their failure to approve or waive approval of the contract so that it can be said that it was the act of the corporation itself intentionally accepting or ratifying the contract with knowledge of the facts."

The portion of the declaration above quoted was, we believe, a sufficient allegation that the formal acceptance of the contract in the manner provided in it was waived. The fact of a waiver is alleged and it is charged that it was waived by performance. It is then alleged that at the time appellee notified appellant that it would not accept the contract appellant had already purchased, and appellee had already delivered, 249,325 gallons of gasoline—more than the monthly minimum requirement of the contract.

A person or corporation cannot receive and hold a contract which has been signed by the opposite party, enter substantially into the performance of its terms and provisions, and then suddenly conclude not to be bound by the contract. The Chicago & Alton Railroad Co. v. Chicago, Vermilion & Wilmington Coal Co., 79 Ill. 121; Dobal v. Guardian Finance Corp. et al., 251 Ill. App. 220.

In a pleading it is unnecessary to allege the evidence by which the pleader expects to prove the allegations. The effect of this declaration was to affirmatively charge that the approval of the contract by the vice president or sales manager was waived by performance. The waiver may become effective as well by implication as by express words. As was said in Astrich v. German-American Ins. Co. of N. Y., 131 F. 13, 20

(C. C. A. 3): "A waiver is a voluntary relinquishment of the right that one party has in his relations to another. Such waiver may be either express or implied. An express waiver is governed by its own terms, takes care of itself, and is not often the occasion of dispute or litigation. An implied waiver, of a forfeiture for instance, is where one party has pursued such a course of conduct, with reference to the other party who has incurred the forfeiture, as to evidence an intention to waive the same, or where the conduct pursued is inconsistent with any other honest intention, than an intention to waive the forfeiture, and the one who has incurred the forfeiture has been induced by such conduct to act upon the belief that there has been a waiver, and has incurred trouble and expense thereby. There is no confusion about the rules of law, applicable to this question. They are founded upon fundamental rules of evidence, and upon the obligations of morality obtaining in human affairs. It is essential'y a matter of intention, though circumstances may sometimes be such that the real intention is immaterial, and the question is, whether a party is not estopped by conduct evidencing an intention upon which another has acted, to say what his true intention really was. In such cases, the ordinary and well-understood doctrine of estoppel by conduct is applicable."

■ And as was said by the Circuit Court of Appeals in the Fifth Circuit in Marine Iron Works v. Wiess, 148 F. 145, 153: "If Wiess could thus waive his right by definite words and promises, why could he not do it by actions commonly said to 'speak louder than words?'" See, also, Fraser v. Ætna Iife Ins. Co., 114 Wis. 510, 523, 90 N. W. 476.

■ In a case of this character where the defendant corporation is charged with conduct amounting to a waiver of a reserved right of formal acceptance of a contract, it is sufficient to aver that the corporation did the act or acts which the pleader contends effected the waiver without alleging by which of its officers, agents, or employees it empowered the acts relied upon. Bank of the Metropolis v. Guttschlick, 14 Pet. 19, 25, 10 L. Ed. 335.

Whether appellant can prove the waiver to the satisfaction of the jury or how he shall do so is an altogether different matter, with which we are not now concerned.

The judgment will be reversed, with direction to overrule appellee's demurrer.