## MARKHAM v. KASPER et al.

No. 8782.

Circuit Court of Appeals, Seventh Circuit

Dec. 7, 1945.

O. C. Smith, of Benton, Ill., W. F. Gray, of Springfield, Ill., and George Arthur, of Chicago, Ill., for appellants.

Carter Harrison, of Benton, Ill., Thurlow G. Essington and Hamilton K. Beebe, both of Chicago, Ill., and Charles E. Feirich, of Carbondale, Ill., for appellee Old Ben Coal Corporation.

Harry Temple, of Salem, Ill., for appellee Torbet.

Craig Van Meter and Fred H. Kelly, both of Mattoon, Ill., for appellees Markham and Torbet.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Defendants appeal from two orders entered by the District Court in a suit by the lessee under an oil and gas lease for an injunction and damages and to quiet his title to the lease.

The first order from which the appeal was taken was entered October 18, 1944, allowing a motion to strike certain paragraphs from the amended answer theretofore filed, and to dismiss the amended crossclaim. The second order, entered January 5, 1945, quashed service of summons on A. W. Torbet, on his motion based on the ground that he was not a party to the original proceeding, having been designated a party defendant for the first time in an amended answer and amended counterclaim filed September 6, 1944, all portions of which pertaining to him were stricken or dismissed by the court October 18, prior to service of summons on him on October 30, 1944.

■ Defendants treated the two orders of the court as a determination of the cause upon the pleadings and appealed accordingly. It is clear that such appeal was premature. The striking of certain paragraphs of the answer and dismissal of the counterclaim are by no means the equivalent of a judgment on the pleadings. The action was not dismissed, and so far as this record shows, is still pending on the bill of complaint which sought a permanent injunction as well as damages and quiet title under the lease. Hence the order of October 18, lacked the element of finality to render it an appealable one. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631; Audi Vision, Inc., v. R. C. A. Mfg. Co., 2 Cir., 136 F.2d 621; Florian v. United States, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105, reversing 7 Cir., 114 F.2d 990.

■ The order of January 5, 1945, is also not appealable. It merely quashed service of summons as to one defendant, but left the rights of the other parties unaffected. It has been held that the dismissal of one defendant from a proceeding, leaving the same controversy as to others jointly charged with him for future disposition by the court, is not an appealable order. Hunteman v. New Orleans Public Service et al., 5 Cir., 119 F.2d 465, and cases there cited. We think the same is true of the quashing of summons as to one.

Appellants cited two cases during argument to sustain their contention that the orders appealed from were final and appealable. We find neither case helpful for appellants. The case, Kasishke v. Baker, 10 Cir., 144 F.2d 384, held that a judgment need not conclude the litigation as a whole in order to be final for purposes of appeal. Whether this be true or not, we note that the order which the court held final and appealable fixed the rights of the parties to certain property, directing the defendants to execute and deliver to the plaintiff proper conveyances, and providing that if they failed to execute such conveyances, the decree itself should operate as such. The other case cited by appellants was Dunkel Oil Corporation v. Independent Oil & Gas Co., 7 Cir., 70 F.2d 967. There defendant's demurrer to plaintiff's declaration was sustained, and when the latter stood by its declaration, judgment was rendered in favor of the defendant. It does not appear from the published opinion in that case that any question was raised as to the finality of the order, but we think this action did constitute a final judgment on the pleadings, and was therefore an appealable order. Both these appeals involved orders very different from the two here involved and furnish no support for appellants' contention of appealability.

Appeal dismissed.