### YOUPE v. MOSES et al.
### No. 11523.

United States Court of Appeals,
District of Columbia Circuit.

Decided March 25, 1954.

---

**15.** Art. IV, § 3, cl. 2.

**16.** Supra note 1, 258 U.S. at 383, 42 S.Ct. at 351.

**17.** Supra note 1.

Messrs. J. Roy Thompson, Jr., and Bernard J. Gallagher, Washington, D. C., for appellant.

Mr. Marvin J. Sonosky, Washington, D. C., for appellees.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PRETTY-MAN, Circuit Judges.

STEPHENS, Chief Judge.

This is a motion to dismiss an appeal upon the ground that the orders sought to be reviewed are not of appealable character. The appeal is from two orders of the United States District Court for the District of Columbia, each quashing service of process upon one of 115 defendants named as such in an action for declaratory relief and for damages for alleged breach of contract to pay a salary and bonus for the personal services of the appellant, plaintiff below. The complaint charged joint and several liability on the part of the de-

fendants and sought joint and several relief. Twelve of the defendants answered. Of the remaining 103, all of whom were non-residents of the District of Columbia, 101 were not served and did not answer. The remaining two, the appellees, on the grounds that they were non-residents of the District and were served with process while they were acting as attorneys before the Indian Claims Commission in the District, separately moved to quash the service of process. After a hearing the motions were granted, and separate orders granting them were entered. This appeal was then taken.[1] The record on appeal does not show whether or not there have been further proceedings in the case or whether or not any judgment has been entered against any of the answering defendants.

The essential ground of the motion to dismiss the appeal is that the orders appealed from are not within any of the classes of interlocutory orders made appealable by 28 U.S.C. § 1292 (Supp.1952) and that they are not final decisions such as are made appealable by 28 U.S.C. § 1291 (Supp.1952). The appellant does not contend that the orders are interlocutory orders such as are made appealable by Section 1292. He does contend that they are final decisions made appealable by Section 1291.

Numerous cases appear to support the contention of the appellees that orders quashing service of process upon some defendants, leaving the suit pending as to other defendants, are not final decisions and are therefore not appealable: Drown v. United States Pharmacopoeial Convention, 198 F.2d 470 (9th Cir.1952), decided in view of Section 1291 of Title 28; Piascik v. Trader Navigation Co., 178 F.2d 886 (2d Cir.1949), also decided

under Section 1291 of Title 28; Markham v. Kasper, 152 F.2d 270 (7th Cir. 1945), decided under 28 U.S.C. § 225(a) (1940), providing that the circuit courts of appeals shall have appellate jurisdiction to review by appeal "final decisions"; Moss v. Kansas City Life Ins. Co., 96 F.2d 108 (8th Cir.1938), decided under a similarly worded, earlier statute, 28 U.S.C. § 225(a) (1934); Berkeley v. Culley, 42 App.D.C. 140 (1914), decided under D.C.Code § 226 (1901), providing for appeals from any final orders of the District Court and from certain interlocutory orders of that court, and providing also for so-called special appeals from other interlocutory orders in the discretion of the Court of Appeals in the interest of justice. In all of the foregoing cases, except Berkeley v. Culley, it was ruled that orders quashing service of process, not being final decisions, are not appealable. In Berkeley v. Culley, the ruling was that an order sustaining a motion to quash service of process against one defendant, leaving the case standing at issue with a co-defendant, was not a final order and was therefore appealable under the special appeals provision.

The appellant cites Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372 (1923), as justifying the appeal. That case ruled that an order quashing service of summons is a final, appealable order. But in that case there was but a single defendant, and the effect of the order quashing service was, therefore, completely to dispose of the action. Complete disposition of an action is, except for the situations involved in the cases to be discussed below, a *sine qua non* for the finality of a decision. Moss v. Kansas City Life Ins. Co., supra.[2]

1. Separate appeals should have been taken, one from each order. But no point is made concerning this, and, since each of the motions to quash was made and granted upon the same ground, and since the motion to dismiss, which is single, i.e., made by the two appellees jointly, makes no distinction as between the two

orders, they will be treated as one and the appeal as one.

2. There are two cases, not cited by the appellant, to which reference should be made: Siegmund v. General Commodities Corporation, 175 F.2d 952 (9th Cir. 1949); Thompson v. Murphy, 93 F.2d 38 (8th Cir.1937). In the Siegmund case it is ruled that an order of dismissal, as

The appellant also seeks to justify the appeal by assimilating the orders appealed from in the instant case to such orders as were involved in Collins v. Miller, 91 U.S.App.D.C. 143, 198 F.2d 948 (D.C.Cir.1952); Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1; 96 L.Ed. 3 (1951); Roberts v. U. S. District Court, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950); Swift & Co. Packers v. Compania Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In Cohen v. Beneficial Loan Corp. the ultimate question was whether or not a United States District Court having jurisdiction over a stockholder's derivative action only because the parties to the suit were of diverse citizenship must apply a statute of the forum state which made the plaintiff, if unsuccessful, liable for the reasonable expenses, including attorney's fees, of the defense and entitled the corporate defendant to require security. The corporate defendant moved in the United States District Court for New Jersey, 7 F.R.D. 352, wherein the derivative action had been filed, to require security. That court was of the opinion that the state statute was not applicable to a derivative action when pending in a federal court. The United States Court of Appeals for the Third Circuit, Beneficial

Indus. Loan Corp. v. Smith, 170 F.2d 44, took a contrary view and reversed. In the Supreme Court, 337 U.S. 541, 69 S. Ct. 1221, on certiorari, a threshold question was whether or not the District Court's decision refusing to apply the statute was appealable. The Court ruled that it was. In so ruling, it expressed itself, in an opinion written for the Court by Mr. Justice Jackson (Mr. Justice Frankfurter and Mr. Justice Douglas dissenting in part, Mr. Justice Rutledge dissenting) as follows:

\* \* \* Title 28 U.S.C. § 1291 provides, as did its predecessors, for appeal only "from all final decisions of the district courts," except when direct appeal to this Court is provided. Section 1292 allows appeals also from certain interlocutory orders, decrees and judgments, not material to this case except as they indicate the purpose to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties. It is obvious that, if Congress had allowed appeals only from those final judgments which terminate an action, this order would not be appealable.

The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal. But the District Court's action upon this application was concluded and closed and its decision final in that sense before the appeal was taken.

Nor does the statute permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine

to some of the parties, of an action brought on a joint and several contract is appealable. But it does not follow from this that the quashing of service of summons on some of those named as defendants in an action on a joint and several contract is appealable. The dismissal as to some of the parties is final as to them, whereas quashing service attempted upon others is not necessarily final as to such others; they may be served again, and validly, in the jurisdiction in which suit has originally been filed, or suit may be commenced against them in another jurisdiction and valid service made there. Moreover, service of process is in a sense a preliminary procedural step. Therefore, it would seem that there is more reason to postpone, until the whole case has been decided in the trial court, an appeal from an order quashing service of summons than there is to postpone an appeal from an order of dismissal as to

some of the defendants—unless the decision on the motion to quash can be brought within the reasoning of Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221 (1949), which, together with allied cases, is discussed *infra* in this opinion. In the Thompson case the Court of Appeals reached the conclusion that an order quashing service of process upon some of a plurality of defendants sued, the case being left pending on its merits as to defendants who had answered, is appealable. The case is decided upon the theory that no claim was made by the plaintiff in the action that the defendants were jointly liable. The liability of the defendants could not, in this jurisdiction, for the purpose of suit, be treated as merely several, this because of D.C.Code §§ 16–901, 16–903 (1951), which are discussed *infra* in this opinion.

in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results. But this order of the District Court did not make any step toward final disposition of the merits of the case and will not be merged in final judgment. When that time comes, it will be too late effectively to review the present order, and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably. We conclude that the matters embraced in the decision appealed from are not of such an interlocutory nature as to affect, or to be affected by, decision of the merits of this case.

This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction. Bank of Columbia v. Sweeny, 1 Pet. 567, 569, 7 L.Ed. 265; United States v. River Rouge Co., 269 U.S. 411, 414, 46 S.Ct. 144, 70 L.Ed. 339; Cobbledick v. United States, 309 U.S. 323, 328, 60 S.Ct. 540, 84 L.Ed. 783.

We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it. [337 U.S. at pages 545–547, 69 S.Ct. 221]

In Swift & Co. Packers v. Compania Caribe the Supreme Court, relying upon the decision in the Cohen case, ruled that an order of a United States District Court vacating an attachment secured in a libel *in personam* is reviewable as a final decision under 28 U.S.C. § 1291 (Supp.1952). In Stack v. Boyle the Supreme Court, again relying upon the Cohen decision, ruled that an order of a United States District Court denying a motion to reduce bail is a final decision appealable under Section 1291. In Roberts v. U. S. District Court the Supreme Court ruled that a denial by a district judge of a motion to proceed *in forma pauperis* is an appealable decision under Section 1291; again, the reliance was upon the Cohen case. In Collins v. Miller this Court of Appeals, relying primarily upon the decision of the Supreme Court in the Cohen case, ruled that an order of the District Court denying a petition for removal of the administrators of an estate of a deceased person is appealable as a final decision under Section 1291. In so ruling, this court pointed out that, although the petition for the removal of administra-

tors was filed in the probate proceeding and although the order sought to be reviewed was one which related to the administration of the estate, it was the result of a collateral proceeding, to wit, the removal proceeding contemplated by D.C. Code § 20–603 (1951). The court pointed ed out further that if the order dismissing the petition to remove was erroneous and was not appealable, its effect upon the rights of the appellant Collins (who claimed to be an heir of the decedent) would be final because administration of the estate would continue under and be completed by administrators not disposed to conduct the administration in a manner responsive to the Code and pertinent Rules of the District Court, the purpose of which is to secure prompt and proper administration in the interest of those entitled to distribution. The court said also that the order was not tentative, informal or incomplete, but, on the contrary, was one which finally disposed of the claimed right of the appellant to remove the administrators and finally clothed the latter with authority to complete the administration; that the order was not a mere step toward final judgment in which it was merged, and that on final distribution of the estate it would be too late effectively to review the order, and the rights conferred by the Code to prompt and proper administration of the estate would be lost, probably irreparably. The court concluded by stating that it thought that the order in the Collins case, like the order in the Cohen case, was appealable because it was a final disposition of the claimed right of the appellant, which was not an ingredient of the administration of the estate itself and did not require consideration with it.

We think that the controlling consideration in the decision of the cases just reviewed is that unless an appeal were allowed it would be too late effectively to review the order sought to be reviewed, and the rights affected thereby would be lost, probably irreparably. That is not the case here. If the appellant, after a trial upon the merits of the

suit for breach of contract, fails to prevail against the 12 defendants who answered, he can appeal from that adverse judgment and in that appeal can, of course, urge that the quashing of service of summons upon the two appellees was erroneous. If, on the other hand, the appellant, after a trial of the contract case on the merits, secures a judgment in his favor against the 12 defendants who answered, he may nevertheless appeal from that judgment upon the ground that he was entitled to a judgment against the two appellees as well as against the other 12 defendants, the quashing of service upon the two appellees having been, as he contends, erroneous, and the judgment against the 12 not having worked an extinguishment or merger of the cause of action against the two appellees.[3] The contract sued upon in the instant case is assertedly a joint and several contract. Moreover, D.C. Code § 16–901 (1951) provides that "Every contract and obligation entered into by two or more persons . . . whether expressed to be joint and several or not, shall for the purpose of suit thereupon be deemed joint and several." Furthermore, D.C.Code § 16–903 (1951) provides as follows:

> If an action be brought against all the parties to such contract, but service of process is had against some only of the defendants, or an action is brought against and service had on some only of the parties, a judgment against the parties so served shall not work an extinguishment or merger of the cause of action on which such judgment is founded as respects the parties not so served, but they shall remain liable to be sued separately.

The fact that a judgment against some of several defendants jointly and severally liable does not extinguish or merge the liability of those not served, and the fact that the latter may be sued separately under the provision just quoted does not, in our view, *require* that they be sued separately where they have actually been named as defendants and have actually been served and the service has been, as the appellant here contends, erroneously quashed. In short, if the quashing of service was erroneous, the appellant as plaintiff below was as much entitled to judgment against the two appellees as he was against the other 12 defendants, provided he could establish the allegations of his complaint as against them and they were unable to establish a defense. Also, it cannot be said that the orders appealed from in the instant case are separable from and collateral to the rights asserted in the action in the sense that the rights asserted in the cases reviewed, supra, were separable from and collateral to the rights involved in those cases, such as the claim for security in the Cohen case and the attachment claim in the Swift case. It is of course true that the question of immunity from service raised by the motions to quash was a different question from the question of breach of contract which will be considered on the merits; yet it cannot be said that the question of the validity of service of process upon the two appellees was *wholly collateral* to the principal action, because if the service was invalid the main action must fail as against the appellees for the reason that service of process is procedurally foundational.

■■ Some reference has been made in the briefs to Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C. That rule provides:

> (b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

The Rule has been construed to mean that in an action where more than one

---

**3.** But the court does not rule that the appellant's failure to appeal would preclude his pursuing such other remedies as he may have, in view of the provisions of D.C.Code § 16–901 and § 16–903, quoted *infra*, against the present appellees service of summons upon whom was quashed.

claim for relief is presented a decision which adjudicates less than all of the claims shall not be appealable in the absence of an express determination by the district court that there is no just reason for delay and an express direction for the entry of judgment. Roberts v. American Newspaper Guild, 88 U.S.App.D.C. 231, 188 F.2d 650 (D.C.Cir.1951). Assuming the applicability of the Rule in the instant case, the record shows no express determination and direction by the District Court. But the Rule is not applicable. A claim that service of process was validly made is not a "claim for relief . . . presented in an action . . ."; it is rather a claim that a procedural step, necessary to the court's jurisdiction over the person or persons against whom a claim for relief is presented, has been validly taken. Cf. Gold Seal Co. v. Weeks, 93 U.S.App.D.C. ——, 209 F.2d 802.

In accordance with the conclusions above expressed, the motion to dismiss the appeal is

Granted.

WILBUR K. MILLER, Circuit Judge, concurs in the result.