Robert L. LEE, Appellant,

v.

**PORCELAIN PATCH & GLAZE COR-PORATION et al., Appellees.**

**No. 16264.**

United States Court of Appeals Fifth Circuit.

Feb. 5, 1957.

F. Jean Pharis, Pineville, La., for appellant.

H. L. Hammett, New Orleans, La., for appellee.

Before BORAH, TUTTLE and CAMERON, Circuit Judges.

BORAH, Circuit Judge.

This action was brought by Robert L. Lee to recover damages for personal injuries sustained when the automobile which he was driving on a public highway in Louisiana collided head-on with an automobile owned and operated by James E. Giles. The complaint charged that Giles, at the time of the accident, was acting in the course and scope of his employment as an agent and employee of the defendants Porcelain Patch and Glaze Corporation of America, Porcelain Patch and Glaze Company of America, a partnership, and Phillip J. Gleason and Augustus B. Smith, co-partners, individually; that the accident and re-

**764**

sulting injuries received by plaintiff were due solely and proximately to the gross negligence of the defendant Giles, which negligence "is imputed to and the responsibility therefor is charged to all of the above-named defendants, in solido."

Service of process was had on the defendants, all of whom are nonresidents, through the Secretary of State of the State of Louisiana, under LSA Revised Statutes of 1950, Title 13, Section 3474, which permits service through the Secretary of State in any action against nonresidents growing out of an accident or collision in which the nonresident may be involved while operating a motor vehicle on the public highways of the State "or while same is operated by his authorized employee." Thereafter, the corporation, the partnership, and each of the co-partners filed separate motions to dismiss and quash service. A hearing was had and the District Court entered an order in the form of a memorandum ruling quashing service of process as to the moving parties, which was followed by the entry of a judgment dismissing the action as to them. This appeal from the court's order and judgment followed.

■■ At the threshold of this case we are confronted with a question of jurisdiction, and despite the fact that appellees have not moved to dismiss the appeal, it is nevertheless incumbent upon us to ascertain whether the order and judgment of the District Court are final and appealable decisions within the definition of 28 U.S.C. § 1291. We have carefully considered this question and are clearly of the opinion that since the District Court's order quashing service and its judgment of dismissal still leave the controversy as to others jointly charged with appellees for future disposition by that court, it must be held that the order and judgment are interlocutory and subject to review only upon the final determination of the cause. Youpe v. Moses, 94 U.S.App.D.C. 21, 213 F.2d 613; Tauzin v. Saint Paul Mercury Indemnity Co., 5 Cir., 195 F.2d

223; Markham v. Kasper, 7 Cir., 152 F.2d 270; and Hunteman v. New Orleans Public Service, Inc., 5 Cir., 119 F.2d 465. See also Minnesota Mining and Manufacturing Co. v. Technical Tape Corp., 7 Cir., 208 F.2d 159. It follows that this Court is without jurisdiction and the appeal must be and it is dismissed.

Appeal dismissed.