239 F.2d 555
 HARMAR DRIVE-IN THEATRE, Inc., Plaintiff-Appellee,
v.
WARNER BROS. PICTURES, Inc. (In Dissolution), et al.,
Defendants, and Paramount Film Distributing Corporation,
Paramount Pictures, Inc. (In Dissolution), Paramount
Pictures Corporation, American Broadcasting-Paramount
Theatres, Inc., Loew's Incorporated, Twentieth Century-Fox
Film Corporation (Delaware), RKO Radio Pictures, Inc., RKO
Pictures Corporation, United Artists Corporation, Universal
Pictures Company, Inc., and Universal Film Exchange, Inc.,
Defendants-Apellants.
COLONIAL DRIVE-IN THEATRE, INC., Plaintiff-Appellee,
v.
WARNER BROS. PICTURES, Inc. (In Dissolution), et al.,
Defendants, and Paramount Film Distributing Corporation,
Paramount Pictures, Inc. (In Dissolution), Paramount
Pictures Corporation, American Broadcasting-Paramount
Theatres, Inc., Loew's Incorporated, Twentieth Century-Fox
Film Corporation (Delaware), RKO Radio Pictures, Inc., RKO
Pictures Corporation, United Artists Corporation, Universal
Pictures Company, Inc., and Universal Film Exchange, Inc.,
Defendants-Appellants.
 Nos. 38, 39, Dockets 24014, 24015.
 United States Court of Appeals Second Circuit.
 Argued Oct. 10, 1956.
Decided Dec. 28, 1956.
Rehearing Denied March 27, 1957.
See 241 F.2d 937.
 
 Bruce Bromley, New York City, for appellants; John Logan O'Donnell, Leo P. Arnaboldi, Jr., and John S. Luckstone, New York City, of counsel.
 Arnold Malkan, New York City, for appellees.
 Before CLARK, Chief Judge, and HAND and SWAN, Circuit Judges.
 SWAN, Circuit Judge.
 
 
 1
 These appeals bring up an order which denied, without opinion, a motion by defendants to disqualify the firm of Malkan & Ellner and the two lawyers constituting the firm, from appearing for or representing the plaintiffs in two actions each of which claimed treble damages for alleged violation of the anti-trust laws. In three prior appeals similar motions in other anti-trust suits have come before this court.[1]
 
 
 2
 Before reaching the merits it is necessary to consider whether the order is appealable. This question was not raised in the original briefs of the parties, but at the request of the court supplemental briefs have been filed discussing it. In each of the four appeals mentioned in note 1, supra, the court assumed jurisdiction without discussion, other than the brief statement in the Fisher case, 232 F.2d 199, at page 204, that 'these orders of disqualification are collateral to the main case.' In three of the prior appeals the court affirmed orders which granted motions to disqualify; in the Austin case it affirmed an order which, as in the case now before us, denied the motion. A majority of the court are of opinion that with respect to appealability no distinction exists between orders granting disqualification and those refusing to do so. We think they fall within the class of orders described in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, as 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' Also closely analogous is Collins v. Miller, 91 U.S.App.D.C. 143, 198 F.2d 948, 37 A.L.R.2d 746, which held appealable an order denying a motion to remove an administrator because of dilatory and improper administration.
 
 
 3
 Having concluded that appellate jurisdiction exists, we pass to a consideration of the merits of the appeal. The question is whether the principle of the Laskey case, 224 F.2d 824 or that of the Austin case, decided in the same opinion, should be applied to the facts of the present case. In Laskey the plaintiff had employed the firm of Malkan & Isacson to bring an anti-trust action in the Western District of Pennsylvania. After the dissolution of that firm, Malkan joined with one Ellner to form the firm of Malkan & Ellner and this firm was employed by Laskey to bring a new anti-trust suit not differing in any material respect, in the Southern District of New York. It was held that because of Isacson's disqualification, his partner Malkan was vicariously disqualified for the particular case, and that the subsequent dissolution of the partnership did not cure his ineligibility to act in that case. In Austin it was held that the case came to the new firm of Malkan & Ellner 'through channels having nothing whatsoever to do with Malkan's prior association with Isacson' and 'in the absence of any showing that Malkan had received confidential information from Isacson.' 224 F.2d 824, 827. Consequently Malkan & Ellner were not disqualified to represent Fisher.
 
 
 4
 In the case at bar it appears that prior to the dissolution of the firm of Malkan & Isacson that firm was engaged by members of the Stern family to bring antitrust suits in the Western District of Pennsylvania on behalf of three drive-in theatre corporations referred to as 'South Park,' 'Community' and 'Blue Dell.' The Sterm family owned all the stock of these three companies. This family also owned all the stock in 'Colonial Drive-In Theatre' and 50 per cent. of the stock in 'Harmar Drive-In Theatre,' the other 50 per cent. being held by the Rodnok family. Mr. Ernest Stern was an officer of all five of these corporations, and all of them were included in the Associated Drive-In Theatre chain. Shortly after the dissolution of the firm of Malkan & Isacson in July 1954, Malkan & Ellner filed new complaints in the same court on behalf of 'South Park,' 'Community' and 'Blue Dell,' adding new defendants and increasing the damage claims. Had these new actions been filed in the Southern District of New York it seems clear that the attorneys would be disqualified under the Laskey decision. In May or early June 1955, George and Ernest Stern engaged Malkan & Ellner to bring the instant actions on behalf of 'Colonial' and 'Harmar,' respectively. The claims are substantially the same as those in the cases of the other three members of the chain of drive-in theatres. The instant actions were commenced June 30, 1955, and the defendants' motion to disqualify counsel was filed November 15th. It was denied without opinion on December 24, 1955.
 
 
 5
 This court's decision in the Laskey appeal, as we understand it, rested upon the possibility that the partner (Isacson), who had formerly represented Warner Bros. Pictures, had passed on to his partner (Malkan) confidential information that he got from the defendant while representing it. True, the court spoke of an 'irrebuttable inference'; but we take it that what was meant was that a court should not pass upon that issue, just as it will not pass upon the question whether an express trustee who buys the trust res for himself has in fact gotten any advantage in the sale from being a trustee. Thus we think it clear that Malkan was disqualified as an attorney for 'South Park,' 'Community' and 'Blue Dell' because he was Isacson's partner, and that fact prevented Malkan from showing that he had learned nothing from Isacson. Moreover, if the two plaintiffs at bar were identical in interest with the three just mentioned, we cannot believe that it makes any difference that they are separate corporations. If the beneficial ownership of all the corporations is the same, and the disqualification, imputed to the innocent partner, lasts after the dissolution of his partnership with Isacson, there is just as much reason to suppose that the defendants at bar will suffer in the defense of the instant actions as in the defense of the other three actions. Therefore, as to 'Colonial,' which is completely controlled by the Sterns, Malkan is disqualified. As to 'Harmar,' the situation is not quite so clear. The Sterns owned only half the stock but it was they who engaged Malkan. Under these circumstances we think that the situation called on him to show that the Sterns did not control 'Harmar,' and this he did not do. We hold him disqualified also in the 'Harmar' action.
 
 
 6
 It is stated in the appellees' brief, without contradiction by the appellants, that the firm of Malkan & Ellner has been dissolved and stipulations have been filed in each of the instant cases substituting Arnold Malkan individually as attorney for the plaintiff. Consequently the defendants' appeals are moot as to the firm.
 
 
 7
 The order is reversed and the cause remanded with directions to grant the motion in so far as it seeks the disqualification of Arnold Malkan.
 
 
 8
 CLARK, Chief Judge (dissenting).
 
 
 9
 In form Judge Sugarman's order was quite interlocutory; he merely declined, without stating reasons, to grant defendants' motion for Malkan's summary disqualification.[1] Obviously he was not persuaded by defendants' showing; but there was nothing in his action to prevent him from acting otherwise at any time on a more convincing showing. So we have no more reason to interfere now than we would have as to, e.g., an order refusing to halt discovery before trial. This appeal should therefore be dismissed for want of an appealable order. If, however, we reach the merits, we should affirm, since we, like Judge Sugarman, as yet at least can find no persuasive grounds for the present disqualification.
 
 
 10
 On the issue of appealability it should be noted that, save for a single somewhat equivocal precedent discussed hereinafter, there is no case actually supporting appealability under really comparable conditions. The cases ordering disqualification have that very element of finality lacking here. And if analogy be sought under the 'correlative order' or 'off-shoot' rule, we must note that these are cases where the courts have found and have emphasized such an element of finality whose clear absence here makes them rather persuasive precedents against our jurisdiction.[2] Even the offshoot rule, in view of its obvious trend to debilitate the recognized federal principle against piecemeal appeals, may require that re-examination which it has not yet received in the light of the amendment to F.R. 54(b), providing a means of appeal in multiclaim cases, and the generous scope given that amendment in Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, and Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904. In fact I have suggested the need for such re-examination in, e.g., Republic of Italy v. DeAngelis, 2 Cir., 206 F.2d 121, 132; and I regret that I have not succeeded in persuading my brothers to consider the impact of the amendment here. For it might well suggest a desirable disposition of the problem we face.
 
 
 11
 But in any event, the present order seems to me to lack finality under any view.[3] The one analogous case looking the other way is that branch of the consolidated decision reported as Laskey Bros. of W. Va., Inc., v. Warner Bros. Pictures, 2 Cir., 224 F.2d 824, certiorari denied 350 U.S. 932, 76 S.Ct. 300, which affected the action brought by the Austin Theatre. The opinion therein does not mention appealability (nor was it discussed by counsel), but does affirm district court orders disqualifying Malkan in the Laskey case and refusing to do so in the Austin case. I was the author of the opinion there and must take whatever blame there is for not using the word 'Dismissed,' rather than 'Affirmed' (the results as to the parties being the same in any event), as to one-half the result reached. But I do not feel too penitent, since experience has taught me that only rarely and perhaps fortuitously may an opinion be expected to rise above its sources in the presentations of counsel. Moreover, there were practical grounds for minimizing, if not overlooking, the point; a preliminary order of this court had consolidated the two cases throughout, even to the briefs of counsel, and discussion of the two contrasting situations, suggesting distinctions the court found decisive, was quite necessary if the rationale was to be at all complete. That, I submit, is too precarious a footing upon which to crystallize error.
 
 
 12
 But passing to the merits I will accept the statement of the issue that our question here is as to which branch of the Laskey opinion governs, the Laskey rule or the Austin rule. Nor will I object to the formulation of the Laskey principle of disqualification perhaps beyond that of merely providing against the probable misuse of confidential information by attorneys. In a case where one counsel has represented one side, it is appropriate that his former partners should be disqualified from going over to represent the other side (without consent of course); both dignity of the profession and the need of public vindication of the confidential relationship involved and hence public confidence in its reality so require without more. But such vicarious disqualification of partners should be rather strictly limited to the 'same case'; there is no justification for more as either punishment or public vindication of the protected relation; and the dangers of using legal ethics as a club to protect monopolists or harass complainers (as is indeed directly suggested by the long battles on these preliminary issues so assiduously staged by these defendants) suggest care and concern lest we go too far. I think we are doing so here. It is not fortuitous that in every case so far we have affirmed the action of the trial judge: of Judge Goddard in Consolidated Theatres v. Warner Bros. Circuit Management Corp., 2 Cir., 216 F.2d 920, which originally established the principles; Judge Dawson in Laskey and Austin; and Judge Abruzzo in Fisher Studio v. Loew's Incorporated, 2 Cir., 232 F.2d 199, certiorari denied 77 S.Ct. 56. This means that we have found the 'same case' rarely, and elsewhere have accepted the findings of the trial judge either for or against disqualification.
 
 
 13
 It is evident that my brothers are finding the same case involved where I would not. Actually all these Stern family cases necessarily concern separate claims involving different theatres, different areas of competition, different periods of time. The only definite sameness I find is that all start with the famous Paramount decree. But so does all litigation in this area at the present time. In short what this decision really means is that Malkan is barred from this profitable area of antitrust litigation for the foreseeable future. This is much, much further than we have gone; in general we have looked for actually the same case; in Laskey, for example, it was the same action started in a new district. Defense counsel very shrewdly suggested that here all we had to do to find identity was to look through the corporate control to the real ownership. If that were all, I should of course agree. But it seems to me that even had a single person owned all the theatres here involved, the cases would still not be identical and automatic or vicarious or wholesale disqualification ought not to follow.
 
 
 14
 Hence I think Malkan, whatever presumption of fact we may apply against him, should be permitted to show he received no confidences of his client's adversary which could be used against the confidant in the pending case. Indeed he convinced Judge Sugarman through affidavit and deposition. While I think the judge quite justified in his conclusion, I would see no objection to asking him to re-examine the facts and give us a detailed finding. But actually I find the situation differing in no matter of substance from that before Judge Dawson in the Austin case. If we should reverse here we surely should have reversed there. I find the result here quite unfair to young lawyers attempting to break into substantial practice and undesirable in policy as helping to safeguard monopoly. I think Judge Sugarman's decision should stand until real evidence to th contrary appears.
 
 
 
 [1]
 Laskey Bros. of W. Va., Inc., v. Warner Bros. Pictures (Austin Theatre, Inc., v. Warner Bros. Pictures), 224 F.2d 824, certiorari denied 350 U.S. 932, 76 S.Ct. 300; Fisher Studio v. Loew's Incorporated, 2 Cir., 232 F.2d 199. See also Consolidated Theatres v. Warner Bros. Circuit Management Corp., 2 Cir., 216 F.2d 920, which established the controlling principles
 
 
 [1]
 'December 24, 1955 This motion is in all respects denied. It is so ordered. Sidney Sugarman U.S.D.J.' As endorsed on the back of the show cause order
 
 
 [2]
 The very quotation set forth in the opinion from Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, directly points the moral; Judge Sugarman's refusal to disqualify Malkan summarily is anything but one of 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'
 I do not see the analogy here of a case in the (federally) unique probate proceedings of the District of Columbia, Collins v. Miller, 91 U.S.App.D.C. 143, 198 F.2d 948, 37 A.L.R.2d 746, and think the contrary cases cited in the opinion involving receivers and the like are more in point. See also Youpe v. Moses, 94 U.S.App.D.C. 21, 213 F.2d 613, 616, 617.
 I do not think it necessary to cite some of the many cases, such as United States Plywood Corp. v. Hudson Lumber Co., 2 Cir., 210 F.2d 462, holding interlocutory trial orders unappealable.
 
 
 [3]
 I am glad that my brothers do not rest upon the point argued that by this order affecting trial maneuvers, the judge has somehow declined to grant an injunction against himself; the Supreme Court has now vastly reduced the potency of that form of mythology. Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233; City of Morgantown, W. Va. v. Royal Ins. Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; and see Wilson Bros. v. Textile Workers Union of America, CIO, 2 Cir., 224 F.2d 176, certiorari denied 350 U.S. 834, 76 S.Ct. 70. Practically there is no sense in the thought that Malkan must be stopped immediately from disclosing confidential information to the plaintiffs; if anything real is here involved (as to which see discussion below in the text), the information was available and used long ago