In re Lee A. CHAGRA.

UNITED STATES of America, Plaintiff-Appellee,

v.

Nacime ABOUD, Defendant-Appellant.

Nos. 71-2272, 71-2273
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Rehearing and Rehearing En Banc Denied April 20, 1972.

Lee A. Chagra, El Paso, Tex., pro se and for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Edward S. Marquez, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

COLEMAN, Circuit Judge:

A jury convicted Nacime Aboud on two counts of using the mails with the intent to extort in violation of 18 U. S.C. § 876 and acquitted him of a third count. The verdict on one count was subsequently set aside. On the remaining count Aboud was sentenced to one year, suspended, with probation for three years. Aboud argues on appeal that the evidence was insufficient to support the conviction. Our review of

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

the record reveals this contention to be clearly without merit. We do not perceive any abuse of discretion in the refusal of the District Judge to allow Aboud's counsel to interrogate jurors after the verdict concerning the courtroom incident described *infra*. The conviction in No. 71–2273 is affirmed.

The appeal in No. 71–2272 of Aboud's counsel from a fifty dollar fine for contempt of court presents a rather novel situation, to say the least. After the conviction, counsel requested permission of the Court, under its Local Rule, to interview the jurors as to whether they heard Aboud tell the court reporter in a personal comment that he wished he had never learned to write and, if they heard the remark, whether it influenced their verdict. Permission was denied. Mr. Chagra rather persistently protested the ruling and the following transpired:

"THE COURT: I am going to order you not to talk to the jurors.

MR. CHAGRA: The Court is misunderstanding me. I have no intention of talking to the jurors, but I would like in order that I can appeal, I would like to somehow get myself in —I don't want to go to jail or anything, I would like to get myself in contempt of Court in some way, Your Honor, so that I can appeal it directly. It would take me four or five months. And if the Court is in error, people's minds change, and this way I can get up there in about fifteen to twenty days.

That's all I am trying to do. I don't intend—

THE COURT: You want me to place you in technical contempt and fine you $50?

MR. CHAGRA: Yes, Your Honor. I would because I'm telling the Court that I intend to disobey the Court's order because I think the Court is wrong [in denying permission under the local rule which Mr. Chagra contended was unconstitutional].

THE COURT: All right. Well, I'm going to fine you $50 and place you in contempt. And you can appeal that conviction."

■■ On the basis of this record we are convinced that Mr. Chagra was not really in contempt of Court. He had not wilfully and contumaciously violated a Rule of the Court, nor had he any actual intention of doing so. The proceedings reflect a desire to confer jurisdiction on this Court by agreement of the parties. Moreover, there is no actual controversy between the Court and the attorney as to the commission of a contempt. We are thus without jurisdiction to hear this appeal. There must be a real and substantial controversy, North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 [December 14, 1971]. Jurisdiction otherwise absent cannot be conferred by consent of the parties, Lee v. Porcelain Patch & Glaze Corporation, 5 Cir., 1957, 240 F.2d 763. Where defects of District Court's jurisdiction are apparent on the face of the record such defects must be noted by the Court of Appeals, *sua sponte*, Lang v. Patent Tile Company, 5 Cir., 1954, 216 F.2d 254.

The appeal in No. 71–2272 is dismissed for want of jurisdiction.

Appeal dismissed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.